FILED

1  Stephen M. Doniger, Esq. (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs, Esq. (SBN 235718)
   scott@donigerlawfirm.com

10 JUN 16  PM 3: 29

3  DONIGER / BURROUGHS APC

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

4  300 Corporate Pointe, Suite 355

BY:_____

5  Culver City, California 90230
   Telephone: (310) 590-1820
6  Facsimile:  (310) 417-3538

7  Attorneys for Plaintiff
8

9           UNITED STATES DISTRICT COURT
10         CENTRAL DISTRICT OF CALIFORNIA
11

12  ALCHEMIST EVOLUTION, LLC, a          Case No. **CV 10  4445** GAF FMOx
    California Limited Liability Company
13  doing business as "J. STEGER",       **PLAINTIFF'S COMPLAINT FOR:**

14  Plaintiff,                           1. **DIRECT, CONTRIBUTORY,**
15                                          **AND VICARIOUS**
                                            **COPYRIGHT**
16  v.                                      **INFRINGEMENT**
                                         2. **TRADEMARK**
17  SMASH, INC., a California Corporation;   **INFRINGEMENT UNDER**
18  ELITE, a business entity of a form      **LANHAM ACT § 32**
    unknown; and DOES 1-10;             3. **COMMON LAW**
19                                          **TRADEMARK**
                                            **INFRINGEMENT**
20  Defendants.                          4. **FEDERAL UNFAIR**
21                                          **COMPETITION (15 U.S.C. §**
                                            **1125(a))**
22                                       5. **CALIFORNIA UNFAIR**
23                                          **COMPETITION**

24                                       <u>Jury Trial Demanded</u>
25
26
27
28                          1

COMPLAINT

ALCHEMIST EVOLUTION, LLC, ("J. STEGER"), by and through its undersigned attorneys, as and for its complaint against each and every defendant, respectively alleges as follows:

## I.   **INTRODUCTION**

1.      Plaintiff is a California limited liability company whose principal is a well-known, highly respected artist and graphic designer, who has been in the industry for over a decade.  Plaintiff creates unique designs, original artwork for use on apparel, and sells that apparel under the name "J. Steger."  It also uses the initials "J.S." and/or a stylized cross as a logo and brand-identifier.  These designs and logos appear conspicuously on much of the merchandise sold by Plaintiff.  Defendants have replicated and sold Plaintiff's designs and utilized Plaintiff's logos without permission and in a manner that both violates Plaintiff's copyrights and is likely to result in consumer confusion.

2.      This action is brought to obtain injunctive relief and recover damages for copyright infringement, trademark infringement, and unfair competition, and damages therefrom.

## II.   **JURISDICTION AND VENUE**

3.      This action arises under the Copyright Act of 1976 (the "Copyright Act"), as amended, 17 U.S.C. §§ 101 *et seq*., the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. §§ 1051 *et seq*., and California law.

4.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).  This Court also has supplemental jurisdiction over the California statutory and common law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal copyright and trademark claims that they form part of the same case of controversy.

2

5.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## III.   PARTIES

6.     Plaintiff ALCHEMIST EVOLUTION, LLC., ("J. STEGER") is a California limited liability company, organized and existing under the state laws of California with its principal place of business at 64 North Raymond, Pasadena, California 91103.

7.     Plaintiff is informed and believes and thereon alleges that Defendant SMASH, INC., ("SMASH") is a California corporation, organized and existing under the state laws of California with its principal place of business at 955 East 12th Street, Los Angeles, California 90021.

8.     Plaintiff is informed and believes and thereon alleges that Defendant ELITE, ("ELITE") is a business entity of a form unknown, organized and existing under the state laws of California with its principal place of business at 201 East Magnolia Boulevard #113 Burbank, CA 91502.

9.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names.  Plaintiff is informed and believes and based thereon alleges that such fictitiously named Defendants have contributed to the infringement of Plaintiff's copyrights and trademarks, or have engaged in one or more of the wrongful practices herein alleged.  Plaintiff will seek leave to amend this Complaint to reflect the true names and capacities of such fictitiously named Defendants when said Defendants have been ascertained.  As alleged herein, Defendants shall mean all named Defendants and all fictitiously named defendants.

10.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director,

3

manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## IV.   FACTUAL ALLEGATIONS

11.    J. STEGER is a well-known, highly respected clothing company based in Pasadena, California.  It sells a unique style of high class vintage apparel that incorporates nuances that other clothing lacks.  Plaintiff's clothing is favored by celebrities such as Snoop Dogg and Ryan Howard.

12.    J. STEGER has developed notoriety for its detailed, creative designs and its logo and brand identifiers ("JS"), and/or a stylized cross.

13.    As creator, J. STEGER owns all right, title, and interest in and to numerous collections of works of art which have been infringed by Defendants, and each of them. Plaintiff has registered these works with the United States Copyright Office.

14.    Defendants, and each of them, have manufactured, imported, marketed, purchased, and/or sold garments and other products bearing J. STEGER's works of art including but not limited to t-shirts. J. STEGER's stunning and cutting edge graphics drive the sale of these otherwise ordinary garments.  Defendants, and each of their, creation, marketing, purchase, and sales of these products is in violation of Plaintiff's rights.

15.    Defendants', and each of their, actions alleged herein substantially harm Plaintiff by depriving it of its exclusive intellectual property rights and privileges associated therewith, by causing consumer confusion as to the origin and approval of

4

Defendants' unauthorized products, and by causing a loss of business, goodwill, and reputation to Plaintiff.

16.    On July 17, 2009, Plaintiff registered his "Imperator" design with the Copyright Office bearing registration number VA 1-667-699 (a true and correct copy of which is attached hereto as Exhibit "1").

17.    On February 19, 2009 Plaintiff filed suit in the Central District of California against, *inter alia*, SMASH for infringement of the "Imperator" design (Case No. CV09-1132). That case terminated on September 30, 2009 by entry of a judgment against SMASH for payment of stipulated monetary damages and an injunction prohibiting Defendant SMASH from further use of Plaintiff's "Imperator" design.  A true and correct copy of that Judgment is attached hereto as Exhibit "2".

18.    On April 27, 2010 Plaintiff found for sale at Defendant ELITE another garment manufactured by SMASH that infringed its "Imperator" design in clear violation of the proposed order. A true and correct copy of that garment and the receipt from its purchase is attached hereto as Exhibit "3."

## V.    CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF

(For Direct, Contributory and Vicarious Copyright Infringement – Against All Defendants, and Each of Them)

19.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in paragraphs 1-18 of this Complaint.

26.    Plaintiff is the sole owner of all right, title, and interest in and to the copyrights to its designs.

27.    Plaintiff has the exclusive rights to reproduce, display, distribute, and prepare derivative works of its designs.

28.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by incorporating its original works

5

of art into products without denoting on the products that the original artworks were authored by J. STEGER. These products were advertised and went to market without a clearly visible "JS" logo, or any other indication of J. STEGER's authorship.

29.    Defendants, and each of them, manufactured, imported, purchased, sold, advertised and distributed products bearing those of J. STEGER's works of art in which they had no rights. The above acts constituted massive infringement of J. STEGER's rights in its original artworks.

30.    Plaintiff is informed and believes and thereon alleges that Defendants also knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring Plaintiff's works of art.

31.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32.    Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business, its name and its brand and has suffered general and special damages in an amount to be established at trial.

33.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the designs in an amount to be established at trial.

34.    Certain of Plaintiff's works of art were submitted to be copyrighted within the time period required to seek statutory damages and attorneys' fees. On information and belief, Plaintiff alleges that Defendants willfully infringed Plaintiff's copyrights, and Defendant SMASH continued to infringe its rights long

6

after receiving notice, and a request to cease and desist in, the same. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to One Hundred Fifty Thousand dollars ($150,000) per infringement and for Plaintiff's costs and attorneys' fees.  Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted designs renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Trademark Infringement Under Lanham Act § 32

Against All Defendants, and Each of Them)

35.  Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in paragraphs 1-34 of this Complaint.

36.  By virtue of Plaintiff's actual use in commerce of the "JS" and stylized cross marks on clothing on or about July 2007, Plaintiff is the exclusive owner of the "JS" and stylized marks for use on clothing.

37.  Furthermore, by virtue of Plaintiff's use of "JS" and/or stylized cross as the name, logo and brand identifier of its clothing line, and the national success of the clothing line containing its logo, the "JS" and stylized cross have acquired a secondary meaning pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) in identifying Plaintiff's clothing line and/or artwork.

38.  Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, used both Plaintiff's "JS" and stylized cross marks in commerce in connection with the sale, offer for sale, distribution and advertisement of clothing which infringed on Plaintiff's trademarks.

7

39.   Plaintiff is informed and believes, and thereon alleges that the use of the marks "JS" and stylized cross by Defendants to advertise clothing caused and is likely to cause confusion, mistake, and to deceive the public; furthermore, due to Defendants' infringing acts, Plaintiff's credibility, goodwill and business reputation is undermined, and such injuries will continue unless the Defendants are restrained by Court Order from further infringement of Plaintiff's trademark.

40.   Plaintiff's products bearing its trademarks are and at all relevant times have been sold through interstate commerce, and Plaintiff is informed and believes that, and thereon alleges, Defendant SMASH is advertising and selling goods that are moving in interstate and/or foreign commerce based on the fact that Defendant SMASH's apparel is advertised on their website, their goods, originating in California, are being sold in many different states and abroad.

41.   Plaintiff is informed and believes, and thereon alleges, Defendants, and each of them, intentionally and willfully infringed Plaintiff's trademarks because Defendants had knowledge of and was aware of Plaintiff's marks, and that the use of "JS" and the stylized cross would cause confusion, mistake or deception pursuant to 15 U.S.C. § 1141(1).

42.   Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages all to an amount to be established at trial.  Plaintiff further prays for an award of reasonable attorneys fees for prosecuting this infringement, and for the recovery of any other damages that may be proven at the time of trial.

43.   Plaintiff is entitled to, and herein requests, injunctive relief to preserve and protect its intellectual property rights, and to avoid further consumer confusion and the inevitable irreparable harm to its business and reputation which will result from Defendants' continued infringement of Plaintiff's mark.

COMPLAINT

# THIRD CLAIM FOR RELIEF

(For Common Law Trademark Infringement Against All Defendants,

and Each of Them)

44.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in paragraphs 1-43 of this Complaint.

45.    Defendants uses of both of Plaintiff's marks, the "JS" and stylized cross marks, including, but not limited to, clothing is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of reasonable customers as to the affiliation, connection, or association of such goods or services of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of such goods or commercial activities of Defendants by Plaintiff.

46.    Defendants' actions constitute mark infringement in violation of the common law of the State of California.

47.    As a result of Defendants' actions as alleged herein, Plaintiff has suffered and will continue to suffer damage to its business, goodwill, reputation and profits, while Defendants profit at Plaintiff's expense.

48.    Defendants' actions as alleged herein, and the ongoing direct results of those actions, have caused and continue to cause great and irreparable injury to Plaintiff in an amount that cannot be ascertained, leaving Plaintiff with no adequate remedy at law.

49.    Unless Defendants are preliminarily and permanently enjoined by this Court from infringing Plaintiff's common law mark rights under California law, including, but not limited to, through the sale of clothing with Plaintiff's "JS" and stylized cross, Plaintiff will continue to suffer irreparable harm.

50.    By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants.

51.    Plaintiff is also entitled to recover Defendants' profits derived from

9

Defendants' unlawful use of the "JS" and stylized cross marks, including their use of confusingly similar marks and/or marks incorporating Plaintiff's trademark, and any damages suffered by reason thereof, pursuant to California law.

52.    Defendants' actions constitute conduct of an intentional, willful and wanton nature. As such, Plaintiff is also entitled to recover treble damages by reason of Defendants' infringement of Plaintiff's common law mark rights, as alleged herein.

53.    Plaintiff is further entitled to recover its costs and attorneys' fees because this is an exceptional case.

## FOURTH CLAIM FOR RELIEF

(For Federal Unfair Competition (15 U.S.C. § 1125(a)) – Against All Defendants, and Each of Them)

54.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in paragraphs 1-53 of this Complaint.

55.    Defendants, and each of them, are knowingly and intentionally creating, publishing, marketing and selling products bearing Plaintiff's artworks without designating J. STEGER as the source of those artworks. Defendants, and each of them, are knowingly and intentionally displaying Plaintiff's brand marks, the "JS" and stylized cross, without Plaintiff's permission. Defendants, and each, have covered up the "JS" mark from Plaintiff's works of art with Plaintiff's other mark – its styled cross. This act is in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.    Defendants' conduct alleged herein constitutes unfair competition and reverse-passing-off, because it is likely to cause, and upon information and belief has caused, confusion, mistake, or deception as to the designs' affiliation, connection, and association.

10

COMPLAINT

57. Plaintiff's artistic style and its works are well-known within the art and fashion communities, and have acquired substantial secondary meaning. Defendants' actions resulted in and continue to result in the unlawful misappropriation of Plaintiff's valuable goodwill, and to weaken the public connection between Plaintiff and its distinctive art. The conduct of defendants', and each of them, has denied significant exposure to Plaintiff's artwork and clothing.

58. Defendants', and each of their, actions are intended to and are likely to mislead consumers to believe that Defendants', and each of their, products bear artwork authored by Defendants, and each of them, and not Plaintiff. Accordingly, Defendants' acts constitute a false designation of origin, actionable under § 43 (a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a).

59. As a direct and proximate result of the aforementioned acts, Plaintiff has sustained and will continue to sustain substantial injury to its proprietary rights in its original works of art, and a potential weakening of the association between Plaintiff and its unique artistic creations. This unfair competition and reverse-passing-off has resulted in irreparable injury to Plaintiff's business, goodwill, and reputation, and, unless Defendants are enjoined from its wrongful conduct, Plaintiff will continue to suffer further irreparable injury and harm, for which it has no adequate remedy at law.

60. Plaintiff therefore seeks a permanent injunction enjoining Defendants' wrongful actions including its manufacture, distribution, sale and advertisement of product bearing, in whole or in part, any of Plaintiff's artworks.

61. Plaintiff also continues to suffer economic damage by Defendants' infringement, including loss of income wrongfully derived by Defendants due to their acts of infringement. The amount of Plaintiff's damages cannot be ascertained at this time.

COMPLAINT

62.    Plaintiff has suffered damages, and Defendants have obtained profits and/or unjust enrichment, as a direct and proximate result of Defendants' unfair competition and "reverse-passing-off."

63.    In addition to injunctive relief pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to an enhanced accounting of Defendants' profits, increased damages, and an award of its attorneys' fees and costs pursuant to 15 U.S.C. § 1117, because Defendants' conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate.

## FIFTH CLAIM FOR RELIEF

(For California Unfair Competition – Against All Defendants, and Each of Them)

64.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in paragraphs 1-63 of this Complaint.

65.    Defendants' wrongful conduct, as alleged above and otherwise, constitutes unfair competition and deceptive practices under California Business & Professional Code §§ 17200, et seq., and 17500, et seq.

66.    Specifically, Defendants' copyright and trademark infringement, and violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), constituting unlawful, unfair, and/or fraudulent business practices, present a continuing threat to the consuming public because the public is likely to be deceived as to the designs' affiliation, connection, and association.

67.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer injury in fact resulting in the loss of money, goodwill and/or property in an amount to be determined at trial.

68.    Additionally, Defendants, and each of their, conduct, unless enjoined and restrained has, and will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law. In order to restore Plaintiff's interests in monies and property acquired by Defendants, and each of them, by the unfair

12

competition complained of herein, Plaintiff seeks to have Defendants, and each of them, enjoined from unlawfully exploiting its artwork in any way, including without limitation, selling any products bearing same, and from distributing or otherwise transferring any monies realized through the wrongful exploitation of its art.

## VI.    **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. Under Respect to Each Claim for Relief:

    a. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 101, *et seq.*;

    b. A disgorgement of profits and other damages arising from such infringement, pursuant to 15 U.S.C. § 1117;

    c. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 101, *et seq.*, and 15 U.S.C. § 1117;

    d. An injunction against continued infringement of Plaintiff's artwork and marks, pursuant to 15 U.S.C. § 1116, and the unfair competition provisions;

    e. An order directing Defendants to file with the court and serve on Plaintiff a report setting forth an accounting and the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

    f. That Plaintiff be awarded pre-judgment interest as allowed by law;

    g. That Plaintiff be awarded the costs of this action;

13

h. That Plaintiff be awarded punitive damages in an amount sufficient to deter and punish Defendants, on account of Defendants' willful violation of California law; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

j. That an imposition of a constructive trust be entered over all products and materials bearing, in whole or in part, any of Plaintiff's artwork, to the extent said products and materials were created, purchased, sold, advertised, or distributed in violation of Plaintiff's rights therein, as well as all registrations relating to Plaintiff's works filed by Defendants, any of them, and any third parties, and all profits, monies, royalties, and any other benefits derived or obtained by Defendants, or any of them, from the wrongful ownership, use, purchase, sale, distribution, licensing, or exploitation of Plaintiff's works of art.

A **TRIAL BY JURY** PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Dated: June 9, 2010                          DONIGER / BURROUGHS APC

By: _____
Stephen M. Doniger, Esq.
Attorney for Plaintiff

14

COMPLAINT

# Exhibit 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-677-699

Effective date of registration:

July 17, 2009

---

## Title

**Title of Work:** Imperator

## Completion/ Publication

**Year of Completion:** 2007

**Date of 1st Publication:** July 20, 2007  **Nation of 1st Publication:** United States

## Author

**■ Author:** Alchemist Evolution, LLC

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States  **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Alchemist Evolution, LLC, dba J. Steger

64 N. Raymond Avenue, Pasadena, CA, 91103

## Certification

**Name:** David Shein

**Date:** July 1, 2009

**Correspondence:** Yes



# j.STEGER

Style#: JSVT118
Original artwork
Produced:
AUG 17th 07
File located
2007 Art/folder
V-neck Tee's
Title: Imperator
Artwork created by:
Jason Steger





Artwork

# Exhibit 2

Case 2:09-cv-01132-SVW-SS   Document 18   Filed 09/30/09   Page 1 of 2

1 | Stephen M. Doniger, Esq. (SBN 179314)
2 | David Shein, Esq. (SBN 230870)
  | **DONIGER / BURROUGHS, APC**
3 | 300 Corporate Pointe, Suite 355                          JS-6
4 | Culver City, California 90230
  | Telephone: (310) 590-1820
5 | Facsimile:  (310) 417-3538
6 | Electronic: stephen@donigerlawfirm.com
7 | Attorneys for Plaintiff

8 |                **UNITED STATES DISTRICT COURT**

9 |              **CENTRAL DISTRICT OF CALIFORNIA**

10 | ALCHEMIST EVOLUTION, LLC, a          Case No.:  CV09-1132 SVW (SSx)
11 | California Limited Liability Company   *Hon. Stephen V. Wilson Presiding*
   | doing business as "J. STEGER",
12 |                                        **JUDGMENT**
13 | Plaintiff,

14 | vs.

15 |
16 | SMASH, INC., a California Corporation;
   | PLANET FUNK, INC., a California
17 | Corporation; and DOES 1-10, inclusive,

18 |
19 | Defendants.

20 |

21 |

22 |      The Court, after reviewing the Fed.R.Civ.P. 68 Offer of Judgment made by
23 | Defendants (Docket No. 16) and the Joint Notice of Acceptance (Docket No. 17),
24 | enters Judgment in the above-referenced matter as follows:
25 |
26 |      1) Defendants SMASH, INC. and PLANET FUNK, INC. shall be enjoined
27 |          from any further use of Plaintiff's "Imperator" design (a true and correct
28 |

copy of which is attached hereto as Exhibit "1") and "Opus Dei" design (a true and correct copy of which is attached hereto as Exhibit "2"), and

2) Judgment in the amount of $12,000.00 shall be entered against Defendants SMASH, INC. and PLANET FUNK, INC. jointly and severally in favor of Plaintiff.

3) Each party is to otherwise bear its own costs and fees.

IT IS SO ORDERED.

Dated:  September 30, 2009      By: _____

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT COURT JUDGE

# Exhibit 3



Elite
201 East Magnolia Blvd. Space 113
Burbank, CA  91502
818-848-8911

## Sales Receipt

Sales:              00000001010000459
Date:   4/27/2010   Time:  3:14:31 PM
Cashier:   ando     Register #:   1

| Item | Description | Amount |
|------|-------------|--------|
| 12032H | Smash Long Sleeve | $49.00 |

```
                          ============
            Sub Total       $49.00
            Sales Tax        $4.78
                Total       $53.78

          VISA Tendered     $53.78
Card: XXXXXXXXXXXX7604
           Auth: 979402
           Change Due        $0.00
```



*000000010100004 59*
Thank you for shopping
Elite
We hope you'll come back soon!
No Refunds! All exchanges must be dated
within seven days of receipt



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV10- 4445 GAF (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [_] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
DONIGER/BUDRROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, CA 90230
Tel: (310) 590-1820   Fax: (310) 417-3538

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCHEMIST EVOLUTION, LLC, a California Limited Liability Company doing business as "J. STEGER", a California Corporation, <br><br>PLAINTIFF(S) <br><br> v. | CASE NUMBER <br><br> CV 10 4445 GAF FMOx |
| SMASH, INC., a California Corporation; et al. (See Attached "Schedule A") <br><br> DEFENDANT(S). | **SUMMONS** |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Stephen M. Doniger, Esq._____, whose address is _300 Corporate Pointe, Suite 355, Culver City, CA 90230_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: June 16, 2010

By: __Natalie Langjong__
Deputy Clerk

(Seal of the Court)
SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# **"Schedule A"**

ALCHEMIST EVOLUTION, LLC, a California Limited Liability Company doing business as "J. STEGER",  a California Corporation,

Plaintiff,

v.

SMASH, INC., a California Corporation; ELITE, a business entity of a form unknown; and DOES 1-10,

Defendants.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ALCHEMIST EVOLUTION, LLC, a California Limited Liability Company doing business as "J. STEGER", a California Corporation | SMASH, INC., a California Corporation; et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| DONIGER/BURROUGHS APC<br>300 Corporate Pointe, Suite 355 Culver City, CA 90230<br>Tel: (310) 590-1820 Fax: (310) 417-3538 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV 10 4445**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV 09-1132 SVW (SSx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date June 9, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |