UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-04445-SVW-JDE | Date | March 9, 2023 |
|---|---|---|---|
| Title | Alchemist Evolution, LLC v. Smash, Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings (In Chambers):**  Order Denying Application (Dkt. 118)

On March 7, 2023, Judgment Creditor Assignee Atlas Judgment Recovery ("Atlas") filed an Application for "an order requiring Shahram Sharafian, CEO of JD Smash, Inc. to appear and furnish information to aid in the enforcement of the money judgment" in the action. Dkt. 118 ("Application"). The Application provides that the examination is to be of the "Judgment Debtor." However, neither Shahram Sharafian" nor "JD Smash, Inc." are identified as judgment debtor in the original Judgment (Dkt. 74), Amended Judgment (Dkt. 87), or Renewed Judgment (Dkt. 114).

As such, a judgment debtor examination against "Shahram Sharafian, CEO of JD Smash, Inc." as "Judgment Debtor" is not warranted as neither the individual nor the corporate entity are judgment debtors, and the Application (Dkt. 118) is DENIED.

The denial is without prejudice to Atlas seeking: (1) a "third party" judgment debtor examination of a third person who has possession of property belonging to the judgment debtor, owes the judgment debtor more than $250, or has information concerning the business or financial affairs, assets, and/or transactions of the judgment debtor sufficient to aid in the enforcement of a judgment, with a compliant affidavit as required by the California Code of Civil Procedure; or (2) a judgment debtor examination against the named judgment debtor in the Renewed Judgment (Dkt. 114), that is, "Smash Men's, Inc." The Court makes no finding as to whether naming the "CEO" of the corporate judgment debtor is appropriate in this instance, see, e.g., Hyundai Motor America v. Superior Court, 235 Cal. App. 4th 418, 427 n.1 (2015), but notes that Atlas could avoid the issue by naming the corporation only as the examinee, which would require the judgment debtor corporation, if properly served, to "designate to appear and be examined one or more officers, directors, managing agents, or other persons who are familiar with its property and debts." Cal. Code Civ. Proc. § 708.150(a)(1).

IT IS SO ORDERED.