UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-04445-SVW-JDE | Date | June 9, 2023 |
|---|---|---|---|
| Title | Alchemist Evolution, LLC v. Smash, Inc. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|
| Maria Barr | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings (In Chambers):**   Order Denying Ex Parte Application (Dkt. 130)

On May 12, 2023, Dennis Gewant, doing business as Atlas Judgment Recovery, representing himself as the Judgment Creditor Assignee ("Gewant"), filed an Application for "an order requiring Smash Men's, Inc. to appear and furnish information to aid in the enforcement of the money judgment" in the action (Dkt. 118, "Application") with a seven-page proposed order (Dkt. 118-1, "Proposed Order"). Nowhere in either the Application or Proposed Order did Gewant request or state an intention to seek documents with the requested order. On May 30, 2023, the Court issued an Order granting the Application, directing that judgment debtor Smash, Inc. appear for a judgment debtor examination on June 22, 2023, at 10:00 a.m. Dkt. 129 ("Order").

On June 9, 2023, Gewant filed an Ex Parte Application to continue the date of the examination by at least 45 days purportedly law to allow him time to serve additional "required papers" to obtain records from the judgment debtor. Dkt. 130 ("Ex Parte Application").

As noted, Gewant did not previously indicate any intention to seek records from the judgment debtor, nor did he seek any particular amount of time for service of the Order upon the judgment debtor. The Order provided Gewant 13 days to serve the judgment debtor. Had Gewant served the judgment debtor the day after the Order was issued, it would have provided 22 days' notice. Although Gewant asserts, without evidentiary support, that "Judgment debtors are well known for evading service" (Ex Parte Application at 4), here, the judgment debtor is a corporation, and Gewant has provided no information to support his assertion that this corporation has evaded or would evade service or could not have been served within a day after issuance of the Order. Nor has Gewant explained why California law relating to service of a subpoena for personal records of a consumer would apply to a request for production of records of a corporation to assist in the enforcement of a judgment. Regardless, as Gewant did not indicate any intention to seek such records when he filed the Application, he has not shown good cause to continue the date of the examination.

As a result, the Ex Parte Application (Dkt. 130) is DENIED.