AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. **2:10-cv-04445-SVW(JDEx)**

FILED
CLERK, U.S. DISTRICT COURT
**2/22/24**
CENTRAL DISTRICT OF CALIFORNIA
BY: **mz** DEPUTY

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **PARMAK DEVELOPMENT LLC**
on *(date)* 1/09/2024.

☑ I served the subpoena by delivering a copy to the named person as follows: **Siamak Okhovat, Agent for Service of Process on 2/14/2024 at 11:26 AM by Personal Service**
on *(date)* 2/14/2024 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ 0.00 for travel and $ 175.00 for services, for a total of $ 175.00 .

I declare under penalty of perjury that this information is true.

Date: 2/14/2024

*Server's signature*

Chris Dicka, LA County Process Server# 6211
*Printed name and title*

1512 West Manchester Avenue
Los Angeles, CA 90047
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| ALCHEMIST EVOLUTION, LLC <br> *Plaintiff* <br> v. <br> SMASH, INC. et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 2:10-cv-04445-SVW-JDE <br> ) <br> ) |

## SUBPOENA TO APPEAR AND TESTIFY
### AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Siamak Okhovat, Registered Agent for Service and CEO of Parmak Development, LLC

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States Courthouse, 411 W. 4th St., Santa Ana CA | Courtroom No.: 6A |
|---|---|
| | Date and Time: 02/29/2024 10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: See attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/26/23

CLERK OF COURT

*[signature]*

Signature of Clerk or Deputy Clerk

OR

_____
Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dennis Gewant d/b/a Atlas Judgment Recovery, who issues or requests this subpoena, are:

Dennis Gewant, 269 S. Beverly Drive, Suite 102, Beverly Hills, California 90212, atlasjudgmentrecovery@gmail.com, (310) 276-4900

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Dennis Gewant d/b/a Atlas Judgment Recovery
269 S. Beverly Drive, Suite 102
Beverly Hills CA 90212
(310) 276-4900

Assignee of Record Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCHEMIST EVOLUTION, LLC, <br><br> Plaintiff(s), <br><br> v. <br><br> SMASH, INC., *et al.* <br><br> Defendant(s)/Judgment Debtor(s) | Case # 2:10-cv-04445-SVW-JDE <br><br> ATTACHMENT TO <br><br> FORM AO 88 |

TO SIAMAK OKHOVAT, REGISTERED AGENT FOR SERVICE AND CEO of PARMAK DEVELOPMENT, LLC:

**WARNING: The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.**

**GOOD CAUSE AND MATERIALITY**

The judgment remains unsatisfied. The documents requested pertain to the judgment debtor's income, assets, and expenditures. Judgment creditor has good cause to demand the production of documents pertaining to the income, assets and expenditures of the debtor or any of its successors that might lead to satisfaction of the judgment.

The requested documents described are material to the issues involved in this case as they are reasonably calculated to lead to the discovery of income and assets that may be used to satisfy the judgment:

> [R]elevant inquiry included "names and addresses of . . . partners, co-shareholders, co-officers and co-directors, . . . which could reveal the existence and location of assets" owned by the judgment debtor... While the relevance of some of the questions may seem remote, the purpose of a judgment debtor examination is **to leave no stone unturned in the search for assets** which might be used to satisfy the judgment. Because the questions were aimed at eliciting relevant evidence, the trial court properly directed Troy to answer them. (*Martin-Trigona v. Gouletas, supra*, 634 F.2d at p. 357.)

*Troy v. Superior Court* (1986), 186 Cal.App.3d 1006

https://casetext.com/case/troy-v-superior-court

> Here we conclude, among other things, that the scope of questions asked by a judgment creditor in a third party judgment debtor examination may include the location of assets no longer in the possession of the third party. (Code Civ. Proc. §§ 708.120, 708.130, 187.)

*Yolanda's, Inc. v. Kahl & Goveia Commercial Real Estate* (2017), 11 Cal. App. 5th 509

https://casetext.com/case/yolandas-inc-v-kahl-goveia-commercial-real-estate

> A judgment creditor may conduct discovery directly against the judgment debtor by means of a judgment debtor examination (§ 708.110), written interrogatories (§ 708.020), and requests for production of documents (§ 708.030). Section 708.030, subdivision (a) provides: "The judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made in the manner provided in [the Civil Discovery Act], if the demand requests information to aid in enforcement of the money judgment. The judgment debtor shall respond and comply with the demand in the manner and within the time provided by [the Civil Discovery Act]."
> Because the corporate privacy right is not constitutionally protected, the issue presented in determining whether Western's requests for production infringe that right is resolved by a balancing test. The discovery's relevance to the subject matter of the

pending dispute and whether the discovery " 'appears reasonably calculated to lead to the discovery of admissible evidence' " is balanced against the corporate right of privacy. (*Hecht, Solberg, Robinson, Goldberg & Bagley LLP v. Superior Court* (2006) 137 Cal.App.4th 579, 595, 40 Cal.Rptr.3d 446.) Doubts about relevance generally are resolved in favor of permitting discovery. (Ibid.)

*SCC Acquisitions, Inc. v. Superior Court (Western Albuquerque Land Holdings, LLC)*, 243 Cal.App.4th, 2015

https://casetext.com/case/scc-acquisitions-inc-v-superior-court-of-orange-cnty

**PARMAK DEVELOPMENT, LLC has in its possession or control the desired items listed below. For the purposes of this entire Notice, PARMAK DEVELOPMENT, LLC is deemed to have control over such items even if they are not currently in its possession. All documents responsive to this request that have been discarded, or that were never obtained, that PARMAK DEVELOPMENT, LLC has the right to obtain, must be obtained by PARMAK DEVELOPMENT, LLC and produced. Appropriate fees for research, photocopying, and mileage will be paid when the documents are delivered to the courthouse or at such other time as can be agreed by PARMAK DEVELOPMENT, LLC and Dennis Gewant d/b/a Atlas Judgment Recovery.**

**With respect to all documents below, PARMAK DEVELOPMENT, LLC is directed to bring one set of originals and one set of copies to be left with Assignee Gewant, so that Gewant can compare the copies to the originals to ensure the fidelity of the copies.**

1. All documents which evidence, memorialize, or tend to reflect in any way on any transfers of money or any other asset between, on the one hand, any of the following entities: Smash, Inc.;

Smash Men's, Inc.; People Trend, Inc. ("the known Sharafian companies"); and on the other hand, PARMAK DEVELOPMENT, LLC, from January 1, 2019 to the date of production, which is defined here as **the day that the above-referenced judgment debtor examination actually begins**. This request includes but is not limited to lease applications, lease agreements, and financial records such as records of deposits on statements from any financial institution or money transfer service. It also includes any documents submitted to any taxing authority in which any portion of PARMAK DEVELOPMENT, LLC's income derived from its dealings with any of the known Sharafian companies is evident from the documents. This request does not include financial records of PARMAK DEVELOPMENT, LLC in which monetary amounts transferred to PARMAK DEVELOPMENT, LLC from any of the known Sharafian companies are part of a total amount of money transferred from a set of companies or individuals. To the extent that such totals are on the same page as specific amounts pertaining to the known Sharafian companies, or amounts coming from other companies, such totals or amounts coming from other companies may be redacted. Account numbers and tax identification numbers of PARMAK DEVELOPMENT, LLC are to be redacted.

2. All emails, text messages, voicemails, other voice recordings, meeting agendas, meeting minutes, or any other documents that reflect, indicate, describe, or evidence in any way, any plan, intention, or act already performed to wind down any of the known Sharafian companies, to transfer any of their assets to one or more other entities, to escape liability for the debts of Smash, Inc. or Smash Men's, Inc., and/or to create one or more successor entities to either or both of those entities.

3. All business records provided in response to this Notice must be accompanied by a Declaration of Custodian of Records that complies with the requirements of California Evidence Code §1561, as follows:

## DECLARATION OF CUSTODIAN OF RECORDS
(California Evidence Code Section 1561)

I, the undersigned, declare:

1. I am duly authorized custodian of records of _____ and have the authority to certify the records.

2. The copies attached hereto are true copies of records on file with the _____ _____ described in the notice.

3. The records were prepared by the personnel of _____ in the ordinary course of business at or near the time of the act, condition, or event.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on _____ , in _____ , _____ .
                      (date)                        (city)                (state)

Initial Date of Production: **February 29, 2023**

**Note: The above date shall initially be the same as the date scheduled for the judgment debtor examination, but it shall automatically be extended to any date(s) to which the examination is continued. That is to say, any responsive documents created or acquired after the initial Date of Production but before any continued date of the examination, shall be brought to the continuation of the examination -- one original set and one copy, just as for all the other documents.**

Dated: Dec. 20. 2023

_____

Dennis Gewant d/b/a Atlas Judgment Recovery
Assignee of Record Pro Se

**SUBP-025**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> Dennis Gewant d/b/a Atlas Judgment Recovery <br> 269 S. Beverly Drive, Suite 102 <br> Beverly Hills CA 90212 <br><br> TELEPHONE NO.: (310) 276-4900   FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): atlasjudgmentrecovery@gmail.com <br> ATTORNEY FOR (Name): Assignee of Record, Pro Se | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF UNITED STATES DISTRICT COURT <br> STREET ADDRESS: 411 W. 4th St <br> MAILING ADDRESS: 411 W. 4th St <br> CITY AND ZIP CODE: Santa Ana CA 92701 <br> BRANCH NAME: Santa Ana Division | |
| PLAINTIFF/ PETITIONER: ALCHEMIST EVOLUTION, LLC <br> DEFENDANT/ RESPONDENT: SMASH, INC. et al. | CASE NUMBER: <br> 2:10-cv-04445-SVW-JDE |
| **NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION** <br> (Code Civ. Proc., §§ 1985.3, 1985.6) | |

**NOTICE TO CONSUMER OR EMPLOYEE**

**TO** *(name):* Shahram Sharafian

1. PLEASE TAKE NOTICE THAT **REQUESTING PARTY** *(name):* Dennis Gewant d/b/a Atlas Judgment Recovery
   SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on *(specify date):* February 29, 2024
   The records are described in the subpoena directed to **witness** *(specify name and address of person or entity from whom records are sought):* PARMAK DEVELOPMENT, LLC
   A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED.
   IN ITEM a. OR b. BELOW:
   a. If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify the subpoena and give notice of that motion to the **witness** and the **deposition officer** named in the subpoena at least five days before the date set for production of the records.
   b. If you are not a party to this action, you must serve on the **requesting party** and on the **witness**, before the date set for production of the records, a written objection that states the specific grounds on which production of such records should be prohibited. You may use the form below to object and state the grounds for your objection. You must complete the Proof of Service on the reverse side indicating whether you personally served or mailed the objection. The objection should **not** be filed with the court. **WARNING:** IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.

3. YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: December 26, 2023

Dennis Gewant
_____          ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF [X] REQUESTING PARTY [ ] ATTORNEY)

**OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS**

1. [ ] I object to the production of all of my records specified in the subpoena.
2. [ ] I object only to the production of the following specified records:

3. The specific grounds for my objection are as follows:

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE)

(Proof of service on reverse)                                                Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUBP-025 [Rev. January 1, 2008] | **NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION** | Code of Civil Procedure, <br> §§ 1985.3, 1985.6, <br> 2020.010–2020.510 <br> www.courts.ca.gov

**SUBP-025**

| | |
|---|---|
| PLAINTIFF/ PETITIONER: Alchemist Evolution, LLC<br>DEFENDANT/ RESPONDENT: Smash, Inc. et al | CASE NUMBER:<br>2:10-cv-04445-SVW-JDE |

## PROOF OF SERVICE OF NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION
(Code Civ. Proc., §§ 1985.3, 1985.6)

[✓] **Personal Service**   [ ] **Mail**

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the *Notice to Consumer or Employee and Objection* as follows (check either a or b):
   a. [✓] **Personal service.** I personally delivered the *Notice to Consumer or Employee and Objection* as follows:
      (1) Name of person served: Shahram Sharafian
      (2) Address where served: 1061 LaurelWay, Beverly Hills, CA 90210
      (3) Date served: 1/14/2024
      (4) Time served: 1:12 PM
   b. [ ] **Mail.** I deposited the *Notice to Consumer or Employee and Objection* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
      (1) Name of person served:
      (2) Address:
      (3) Date of mailing:
      (4) Place of mailing (city and state):
      (5) I am a resident of or employed in the county where the *Notice to Consumer or Employee and Objection* was mailed.
   c. My residence or business address is (specify): 1512 West Manchester Avenue, Los Angeles, CA 90047
   d. My phone number is (specify): (310)355-8300

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/16/2024

Chris Dicka, LA County RPS# 6211
(TYPE OR PRINT NAME OF PERSON WHO SERVED) ▶ (SIGNATURE OF PERSON WHO SERVED)

## PROOF OF SERVICE OF OBJECTION TO PRODUCTION OF RECORDS
(Code Civ. Proc., §§ 1985.3, 1985.6)

[ ] **Personal Service**   [ ] **Mail**

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the *Objection to Production of Records* as follows (complete either a or b):
   a. **ON THE REQUESTING PARTY**
      (1) [ ] **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
         (i) Name of person served:
         (ii) Address where served:
         (iii) Date served:
         (iv) Time served:
      (2) [ ] **Mail.** I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
         (i) Name of person served:
         (ii) Address:
         (iii) Date of mailing:
         (iv) Place of mailing (city and state):
         (v) I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
   b. **ON THE WITNESS**
      (1) [ ] **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
         (i) Name of person served:
         (ii) Address where served:
         (iii) Date served:
         (iv) Time served:
      (2) [ ] **Mail.** I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
         (i) Name of person served:
         (ii) Address:
         (iii) Date of mailing:
         (iv) Place of mailing (city and state):
         (v) I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
3. My residence or business address is (specify):
4. My phone number is (specify):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶
(TYPE OR PRINT NAME OF PERSON WHO SERVED) (SIGNATURE OF PERSON WHO SERVED)

SUBP-025 [Rev. January 1, 2008] **NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION** Page 2 of 2