**Morton Minikes, Esq.** (S.B. No. 34308)
12100 Wilshire Blvd.
Suite 400
Los Angeles, CA. 90025
Tel. No. (310) 266-0616
Email: minikeslaw@verizon.net

Attorney for Responding Party
Shahram Sharafian

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCHEMIST EVOLUTION, LLC )<br><br>          Plaintiff,          )<br><br>     v.                         )<br><br>SMASH, INC., et al.,          )<br><br>          Defendants.         ) | Case No. 2:10-cv-04445-SVW-JDEx<br><br>**SHAHRAM SHARAFIAN'S RESPONSE AND OPPOSITION TO ORDER TO SHOW CAUSE RE: CONTRMPT-***SPECIAL APPEARANCE***; DECLARATIONS IN SUPPORT THEREOF** |

Hearing Date: August 14, 2025
Time:          10:00 a.m
Place:         Courtroom 6a, 411 West
               4th St., Santa Ana, CA

Complaint Filed: 6/16/2010
Trial: Completed

**COMES NOW** Shahram Sharafian ("Shahram") and submits his Response and Opposition by way of a *Special Appearance* to the Court's "ORDER TO SHOW CAUSE RE: CONTEMPT AGAINST SHARAHAM SHARAFIAN ("Shahram") AND SMASH MEN'S, INC." dated June 5, 2025 (the "OSC") as

1

follows:

# I

## THE COURT LACKS JURISDICTION TO PROCEED WITH THE OSC AGAINST SHAHRAM BECAUSE HE WAS NOT "PERSONALLY SERVED" WITH THE OSC.

A "Special Appearance" is a tool litigants can use to challenge a court's *jurisdiction* over them. If a court does not have *personal jurisdiction* or there are other errors like for *service of process*, a litigant can challenge the lawsuit without submitting to a court's jurisdiction. As demonstrated by the following this is such a case.

Rule 12 of the Federal Rules of Civil Procedure in pertinent part specifically provides that,

> "(b) How to Present Defenses. Every defense to a claim
> for relief in any pleading must be asserted in the
> responsive pleading if one is required."

The foregoing is particularly applicable in the matter now before this Court because the OSC in pertinent part specifically states and provides that,

a.  "Judgment Creditor **shall** promptly serve this Order by ***personal service*** on Shahram Sharafian, in no event later than July 17, 2025, … ."
    (*Id.*, at p. 3, ls. 3-4; Bold Italics added.); and

b.  "Shahram Sharafian and/or Judgment Debtor are ORDERED to file any written response to this Order by July 24, 2025." ((*Id.*, at p. 3, ls. 6-7.)

As the attached Declaration of Shahram states and demonstrates he was ***never personally served*** with the OSC.

2

With respect to the foregoing Order concerning personal service, Shahram's Declaration confirms that Order in this regard was never satisfied. More specifically, when the process server showed up at Shahram's residence located at 1061 Laurel Way, Beverly Hills, CA on July 2, 2025, purportedly to serve him with the OSC, he was told by Shahram's adult son, Oliver that Shahram was not there. The processor server then handed Oliver a yellow colored envelope with Shahram Sharafian's name on it and left. Shahram arrived home sometime after 5:30 p.m. That evening he observed the yellow colored envelope with his name on it on the kitchen counter; and when he opened the envelope he discovered it contained a copy of the OSC.

In asking members of his family concerning the yellow colored envelope that he found on the kitchen counter with his name on it, he was told by his son, Oliver, that it was delivered earlier in the day by an African American gentleman who asked if Shahram was home; and when he told the processor server that Shahram was not there, he was handled the envelope, which he then placed on the kitchen counter.

Since the term/word "*shall*" is used in the OSC with respect to the service of the OSC, it is an imperative command indicating that certain actions are mandatory and not permissive. This contrasts with the word "may," which is generally used to indicate a permissive provision, ordinarily implying some degree of discretion. However, there is nothing in the OSC's subject provision on service to indicate or suggest that that the term/word "shall" is to be given anything other than a mandatory definition.

Finally, and in any event, the subsequent conduct of the Judgment Creditor

3

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

affirmatively demonstrates that by leaving a copy of the OSC with Shahram's son

Oliver did not amount to personal service of the OSC on Shahram. Rather, the

Judgment Debtor chose a different method of service known as "substituted

service" because after leaving a copy of the OSC with Shahram's son Oliver, the

Judgment Debtor caused the  OSC to be addressed to Shahram at a wrong address,

4801 Staunton Ave., Los Angeles, CA 90058, which Shahram had not used since

at least 2022. He obtained this envelope when the owner/landlord of the 4801

Staunton Ave. premises called to tell him that he had received an envelope

addressed Shahram, which he would make available to be picked up.

In other words, "Substituted Service" is an entirely different alternative

method to "Personal Service" for giving legal notice to a person or business that a

legal action has been initiated against them. The legal requirements for employing

this method for service are set forth in California *Code of Civil Procedure*, §415.20

and Federal Rules of Civil Procedure, Rules 4 and 5, which must be followed for

the substituted service to be effective. Here, even upon a cursory examination there

are entirely different rules and requirements applicable for "personal service" and

"substituted service" under California law and the Federal Rules of Civil

Procedure, neither of which has been complied with by Atlas or its process server

in this case.

Upon each of the foregoing grounds and reasons, it is submitted that this

Court lacks jurisdiction to proceed with the OSC against Shahram because he was

never "***personally***" served with the OSC as required and mandated by the express

terms of the OSC.

4

## II

## INDEPENDENTLY OF THE COURT NOT HAVING JURISDICTION FOR LACK OF PERSONAL SERVICE OF THE OSC ON SHAHRAM, THE FACTS AND CIRCUMSTANCES LEADING UP TO AND CULMINATING IN THE OSC DO NOT SUPPORT THE ISSUANCE OF THE OSC IN THE FIRST INSTANCE.

As noted above in Section I hereof, Rule 12 of the Federal Rules of Civil Procedure in pertinent part specifically provides that,

> "(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."

The OSC here in issue deals with the Court Granting the Judgment Creditor's "Order to Show Cause re: Contempt against Shahram, former Chief Executive Officer of Smash Men's Inc., sued as Smash Inc. ('Judgment Debtor') for failure to appear for a Judgment Debtor Examination *and failure to comply with a subpoena on February 29, 2024.*" (the "Motion"). (Dkt. #154 at P. 1, ls. 20-23; Emphasis added.)

However, the following recitation of the immediate facts leading up to and culminating in the OSC demonstrates that the OSC was improperly issued thereby independently depriving the Court of jurisdiction to find Shahram in contempt for not appearing at the February 29, 2024, Debtor's Examination.

More specifically, the following undisputed facts supports this contention, namely:

Even assuming for purposes of this discussion only that Shahram may have been served with the December 26, 2023, Subpoena to appear for an Examination on February 29, 2024, *that Subpoena in and of itself was materially defective.*

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

More specifically, although that Subpoena required Shahram to "[B]ring with [him] the following documents, electronically stored information, or objects … *See attached*." (Bold Italics added.); it cannot be disputed that there was no such attachment as to what exactly he was required to bring because Exhibit 1, of Judgment Debtor' "MOTION FOR OSC – CONTEMPT" dated April 21, 2025, which was filed on May 7, 2025, and which forms the very basis and foundation for the OSC, on its face shows that it does not have the required attached Exhibit. (OSC, page 2, Item 5, ls. 10-14.)

In light of the foregoing, there can be no question but that the attachment was to be an integral part of the December 26, 2023, Subpoena coupled with the fact that the OSC granting the Judgment Creditor's Motion is in the conjunctive, namely "failure to appear for a Judgment Debtor Examination *and* failure to comply with a subpoena on February 29, 2024."

However, since there was no Exhibit attachment to that Subpoena, it leads to the inevitable conclusion that even if Shahram appeared for on February 29, 2024, he could not have been held in contempt for not bringing any "documents, electronically stored information, or objects." It is further submitted that the same result should follow with respect to the present OSC, especially in light of the fact that the Judgment Debtor at least since 2012 has been a defunct, non-operating company whose corporate status has been suspended by the California Franchise Tax Board. This aspect of the Response and Opposition is discussed in detail in Section III, which immediately follows.

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

## III

### INDEPENDENTLY OF THE COURT NOT HAVING JURISDICTION FOR LACK OF PERSONAL SERVICE OF THE OSC ON SHAHRAM, THE FACTS AND CIRCUMSTANCES LEADING UP TO AND CULMINATING IN THE OSC DO NOT SUPPORT THE ISSUANCE OF THE OSC IN THE FIRST INSTANCE.

This lawsuit traces its history back to June 16, 2010, when Alchemist Evolution LLC ("Alchemist") filed a Complaint for copyright infringement against Smash Inc. and Elite a business entity of a form unknown.

The records of the California Secretary of State's Office show that Alchemist was a California limited liability company that was established on August 10, 2007 (No. 200722310214), whose business purpose is described as "clothing."

The records of the California Secretary of State's Office show that Smash Inc. was a California corporation that was establish on December 24, 1992 (No. 1717194), whose business purpose is described as import and manufacturing of men's clothing.

The records of the California Secretary of State's Office also discloses that Smash Inc. was dissolved on November 19, 2007.

The Docket in this case shows that eventually an amended final judgment was entered on August 12, 2011 (Dkt # 87) not against Smash Inc. but rather against an entity identified as Smash Men's Inc. on August 12, 2011 (Dkt # 87) However, the Dkt in this case does not show, reveal or indicate how Smash Men's Inc. was substituted in place of the original Defendant, Smash Inc.

Notwithstanding, an internet search of the business entity records search of

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

California Secretary of State's Office show that Smash Inc. and Smash Men's, Inc. are two (2) separate, distinct and unrelated California Corporations. More specifically and as above indicated, Smash Inc. was incorporated on December 24, 1992 (No. 1717194) and was dissolved on November 19, 2007. On the other hand, Smash Mens, Inc. is a California corporation that was established on April 14, 2005 (No. 274271) and became inactive when its corporate status was suspended by the California Franchise Tax Board as of April 2, 2024.

In addition, because of experiencing financial difficulties, effective as of January 15, 2011, Smash Inc. entered into a "Security, Pledge And Assignment Of Proceeds Agreement" with Guilbert Tex, Inc., a California corporation ("Guilbert Tex"), as security for a substantial loan (the "Loan Agreement"). This Agreement encompassed all of Smash, Inc.'s assets, including, but not limited to, "machinery and equipment, furniture and fixtures, cash, bank deposits, accounts, accounts receivable and chattel paper, inventory, personal property, leases and general intangibles.

However, by reason of Smash Men's, Inc.'s continued precarious financial situation, it defaulted on the repayment of the loan secured by the aforesaid Loan Agreement, which in turn resulted in Guilbert Tex declaring a default and foreclosing on all of Smash Men's, Inc.'s assets Agreement, which resulted in Guilbert Tex purchasing all of those assets for a credit bid at the foreclosure sale. This foreclosure sale of all of Smash's assets in turn further crippled Smash Men's, Inc. financially from which it never recovered and was one of the major reasons eventually causing its shutting down and going out of business in 2012.

Accordingly, although Smash Men's Inc.'s corporate status was suspended

8

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

April 2, 2024, for all business purposes it has been a defunct, non-operating

business entity since approximately 2012, when it closed its doors for good and has

not had a business address for receiving mail since approximately 2022. In fact, the

last Statement of Information that was filed with the California Secretary of State's

Office was on February 19, 2019. Consequently, any Debtor's examination of

Shahram by the purported Judgment Creditor Atlas, would be an exercise in futility

resulting in a waste of everyone's time, including that of the Court.

**IV**

**ATLAS, AS THE ASSIGNEE OF THE ORIGINAL JUDGMENT
CREDITOR, ALCHEMIST, LACKS STANDING TO CONDUCT A
DEBTOR'S EXAMINATION OF SHAHRAM SINCE THE PURPORTED
ASSIGNMENT OF THE JUDGEMENT IS A NULLITY AS ALCHEMIST'S
STANDING AS A CALIFORNIA LLC HAD BEEN CANCELLED AND
"TERMINATED" AT THETIME THE JUDGMENT WAS ASSIGNED TO
IT BY ALCHEMIST.**

As above stated, the records of the California Secretary of State's Office

show that Alchemist was a California limited liability company that was

established on August 10, 2007 (No. 200722310214).

The records of the California Secretary of State's Office further show that on

February 14, 2014, Alchemist filed with the California Secretary of State a

"Certificate of Cancellation of a Limited Liability Company (LLC")" (the

"Cancellation Certificate").

In pertinent part, the Certificate of Cancellation states and provides that,

> "**Cancellation (*The following statement should
> not be altered.*)**
>
> (6) Upon the effective date of this Certificate of

9

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

> Cancellation, this LLC's Articles of Organization (CA LLCs) … **will be cancelled and its powers, rights, and privileges will cease in California."**
> (Bold Italics added.)

By reason of the filing of the Cancellation Certificate, the records of the California Secretary of State further show that Alchemist's status as an LLC was "Terminated."

**Moreover,** under California law, an assignee "stands in the shoes" of the assignor, taking its rights and remedies and subject to any defenses the obligor has against the assignor that existed prior to the assignment. (California *Code of Civil Procedure*, §368.)

Here, it cannot be disputed that Alchemist's assignment of the Judgement to Atlas did not occur until sometime in February 2015, when Alchemist filed with this Court an "Acknowledgment of Assignment of Judgment." (Dkt. # 95.)

However, by reason of the foregoing, the subject Assignment of the Judgment was a nullity because at the time of the Assignment Alchemist's corporate status had not only been "Canceled" it also had bee and "Terminated," which carried with it the burden of prohibiting Atlas in having the ability to make a valid assignment of the Judgment because all of its "***its powers, rights, and privileges***" had also been cancelled effective as of February 14, 2014.

## V

### THE PRINCIPLE OF *LACHES* SHOULD APPLY AS A BAR TO ATLAS SEEKING TO HAVE SHAHRAM RESPOND TO ANY SUBPOENA TO PRODUCE RECORDS PERTAINING TO JUDGMENT DEBTOR SMASH MEN'S, INC. BECAUSE LONG DELAYS ARE SOLELY ATTRIBUTABLE TO THE CONDUCT OF ATLAS, WHICH HAS OPERATED TO THE

10

## PREJUDICE OF SHAHRAM AS WELL AS JUDGMENT DEBTOR SMASH MEN'S INC.

It is without dispute that Alchemist obtained a final Judgment against Smash Men's, Inc. on *August 11, 2011*. (Dkt. # 87.)

It is also without dispute that Alchemist assigned its Judgment against Smash Men's. Inc. to Atlas effective as of **February 23, 2015**. (Dkt. # 95.)

It is further without dispute that at the time the Judgment against Smash Mens, Inc. was assigned by Alchemist to Atlas on February 23, 2015, it was wholly unsatisfied.

It is further without dispute that the *first* legal action taken by Atlas to seek collection of the Judgment against Smash Men's Inc. did not occur until **September 9, 2020**, when it filed an "Affidavit and Request for a Writ of Execution re: Judgment. (Dkt, # 96), which was issued on **September 28, 2020**. (Dkt. #97).

It is further without dispute that the next legal action taken by Atlas to seek enforcement of the Judgment did not occur until approximately two and a half years (21/2) later on **March 7, 2023**, when Atlas filed an "Application For Appearance And Examination Of Judgment Debtor as to Smash, Inc." (Dkt. # 118), which Application was denied by the Court on **March 9, 2023**, because "A judgment debtor examination against 'Shahram Sharafian, CEO of JD Smash, Inc.' as 'Judgment Debtor' is not warranted as neither the individual nor the corporate entity are judgment debtors." (Dkt. # 120.)

It is further without dispute that the next legal action taken by taken by Atlas to seek enforcement of the Judgment did not occur until **July 10, 2023**, when it

11

filed another "Application for Judgment Debtor Exam as to Smash Men's Inc." (Dkt. #133), which Application was granted by the Court on **July 13, 2023** (Dkt. # 135). However, this Judgment Debtor Exam was placed off calendar by the Court on **August 29, 2023**, because of the failure of Atlas to file a required Proof of Service (Dkt. #136).

It is further without dispute that the next legal action taken by taken by Atlas to seek enforcement of the Judgment did not occur until **December 10, 2023**, when it filed another "Application for Judgment Debtor Exam as to Smash Men's Inc." (Dkt. #138), which Application was granted by the Court on **December 14, 2023** (Dkt. # 142).

However, because of the Court's Clerical Error, which placed the scheduled Debtor's Examination for February 29, 2024, Off Calendar, on **February 22, 2024**, the Court issued a corrective Order resetting the Debtor'sExamination for February 29, 2024 (Dkt. # 150).

By reason of Shahram's failure to appear at the scheduled February 29, 2024 Debtor's Examination, it was not until **May 7, 2025**, that Atlas finally filed an accepted Motion for an Order to Show Cause as to why Shahram should not be held in Contempt for failure to appear at the **February 29, 2024** Debtor's Examination (Dkt. #155).

Needless to say a period from **February 15, 2015**, when Alchemist's assignment of a 2011 Judgment to Atlas became effective, until **December 14, 2023**, when Atlas finally obtained an Order for the taking of Debtor's Examination of Shahram for **February 29, 2023**, a period of approximately 8 years certainly qualifies as Atlas sleeping on rights to seek enforcement of a 14 year old

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

Judgment, which it had renewed back in 2021 (Dkt #s 105-115). In fact, for a period of five plus years, Atlas did virtually nothing to seek the enforcement of the Judgment.

The failure of Atlas to timely pursue enforcement of the Judgment is not without its consequences to the Judgment Debtor Smash Men's Inc. and its former CEO, Secretary and CFO, Shahram. This long and unconscionable delay has prejudiced them because Smash Men's, Inc. for many years has been a defunct, non-operating entity whose business records are non-existent when it ceased all operations and closed its doors over approximately **13 years ago** coupled with the fact that its corporate status has been suspended by FTB.

It is further submitted that any continued efforts by Atlas against either Smash Men's Inc. and its former CEO, Secretary and CFO Shahram for enforcement by all accounts an ancient Judgment is an exercise in futility and constitutes harassment. As the old adage teaches, "One cannot get blood out of a stone." It is further submitted that this old adage is tailor made to the fact situation in this case as above described.

## VI

## CONCLUSION

In summary and by way of Conclusion it is respectfully urged that the OSC issued against Shahram must and should be discharged based on each of the following grounds and reasons:

1. The court lacks jurisdiction to proceed with the OSC against Shahram because he was not "personally served" with the OSC as required by the specific language and terms of the OSC.

13

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

2.  Independently of this Court not having jurisdiction for lack of personal service of the OSC on Shahram, the facts and circumstances leading up to and culminating in the OSC do not support the issuance of the OSC in the first instance because the Subpoena that is being sought to be enforced is patently defective on its face.

3.  Independently of this Court not having jurisdiction for lack of personal service of the OSC on Shahram, the facts and circumstances leading up to and culminating in the OSC do not support the issuance of the OSC in the first instance.

4.  Atlas, as the assignee of the original judgment creditor, Alchemist, lacks standing to conduct a Debtor's Examination of Shahram since the purported assignment of the judgement is a nullity as Alchemist's standing as a California LLC had been "Cancelled" and "Terminated" at the time the judgment was assigned to it by Alchemist.

5.  Finally and in any event, the principle of *LACHES* should apply as a bar to Atlas seeking to have Shahram respond to any subpoena to produce records pertaining to judgment debtor Smash Men's, Inc. because long delays are solely attributable to the conduct of Atlas, which has operated to the prejudice of Shahram as well as judgment debtor Smash Men's Inc.'s ability to produce the Judgment Debtor's business records.

Respectfully Submitted,

Law Offices of Morton Minikes

By: ___*Morton Minikes*___
**Morton Minikes**
Attorney for Responding Party Shahram Sharafian

14

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

## DECLARATION OF SHAHRAM SHARAFIAN

I, **Shahram Sharafian**, declare:

1.  If called and sworn as a witness I can competently testify to all of the following matters, which are within my own personal knowledge.

2.  I am the Responding Party to the Court's June 5, 2025 Order to Show Cause Re: Contempt (the "OSC") and I submit and offer this Declaration in support of my within Response and Opposition to the OSC.

3.  I am the former CEO, Secretary and CFO of Smash Mens Inc., which has been erroneously identified in the Lawsuit as "Smash Men's, Inc., but will be collectively identified as "Smash" for purposes of this Declaration.

4.  Smash *was* a California corporation whose "Status" has been "Suspended" by the California Franchise Tax Board effective as of April 2, 2024, but in fact has been a defunct, non-operating, closed down business entity since approximately 2012.

5.  Since Smash has been a defunct, non-operating, closed down business Operation and entity since approximately 2012, and since there is no intent to revive Smash as an operating business entity now or ever, I am not in possession nor do I have control of any of its business records because of it being a defunct, non-operating, closed down business entity and ceased operating since 2012. Moreover, there was no purpose for me to maintain any of Smash's business records, which as of now would be well be substantially over a decade old.

6.  However, the only matter concerning Smash that I could locate was a "Security, Pledge And Assignment Of Proceeds Agreement," that Smash had with Guilbert Tex, Inc., that is dated January 15, 2011 (the "Loan Agreement) that at the

15

time was given to secure a loan that Guilbert Tex made to Smash and was among the papers involving a lawsuit that Smash brought against Farshad Yacoby Et Al., in 2011, LASC Case No. BC468689.

7.   In any event, because of Smash's precarious financial situation, it defaulted on the repayment of the loan secured by the aforesaid Loan Agreement, which in turn resulted in Guilbert Tex declaring a default and foreclosing on Smash's assets secured by said Security Agreement and which resulted in Guilbert Tex purchasing those assets for a credit bid. This foreclosure sale of all of Smash's assets in turn further crippled Smash financially from which it never recovered and was one of the major reasons eventually causing its shutting down and going out of business in 2012.

8.   In addition, as the foregoing Response and Opposition sets forth, I was never personally served with the OSC; and I adopt what is stated in the foregoing Response and Opposition in this regard in Section I commencing at page 3, ls. 1 to 19; and at p. 3, ln. 28 to p. 4, ln. 10.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California.

Dated July 23, 2025, at Beverly Hills, California.

*Shahram Sharafian*
**Shahram Sharafian**

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

## DECLARATION OF MORTON MINIKES

I, **Morton Minikes**, declare:

1.  If called and sworn as a witness I can competently testify to all of the following matters, which are within my own personal knowledge.

2.  Since June 1963 I have been and now am an attorney duly licensed to practice law in the State of California as well as before the United States District Court for the Central District of California.

3.  I am the attorney for Responding Party Shahram Sharafian ("Shahram") with respect to representing him in Responding to and Opposing the Court's June 5, 2025 Order to Show Cause Re: Contempt (the "OSC").

4.  This Declaration is submitted and offered in support of Shahram's Response and Opposition to the OSC.

5.  In preparing this Response and Opposition on behalf of Shahram, I conducted an on line internet search of the business entity records of the California Secretary of State's Office for an entity known as Alchemist Evolution LLC ("Alchemist") the original Plaintiff in the Lawsuit. That search disclosed the following:

a.  Alchemist *was* a California limited liability company, that filed "Articles of Organization" with the California Secretary of State's Office on August 10, 2007, and was assigned No. 200722310214.

b.  On July 9, 2009, and November 9, 2009, Alchemist filed with the California Secretary of State's Office a "Statement Of Information" showing that it had two Managers, Jason Steger and Krystina Lindsey.

c.  On February 14, 2014, Alchemist through its Manager Jason

17

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

Steger filed with the California Secretary of State's Office a "LLC-47 Certificate of Cancellation of a Limited Liability Company (LLC)" ("Certificate of Cancellation").

    d.  The Certificate of Cancellation has the following provision pertinent to this Response and Opposition to the OSC:

> "**Cancellation** (The following statement should not be altered.)
>
> (6) Upon the effective date of this Certificate of Cancellation, this LLC's Articles of Organization (CA LLCs) … will be cancelled and its powers, rights, and privileges will cease in California."

    e.  The records of the California Secretary of State further show that Alchemist's status as an LLC was "Terminated" and became "Inactive" as of February 14, 2014.

    6.  In addition, I adopt what is stated in the foregoing Response and Opposition with regard to my internet search of the of business entity records of California Secretary of State's Office with respect to Smash, Inc. and Smash Mens, Inc. commencing at page 7, ln. 28 to p. 8, 1n. 8.

    7.  Pursuant to Federal Rules of Civil Procedure, Rule 201, this Court is requested to take Judicial Notice of the foregoing records of the California Secretary of State's Office pertaining to Alchemist as the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information" (*Id.,* (c)(2); and because "The court may take judicial notice at any stage of the proceeding." (*Id.,* (d).)

    I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California.

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

Dated July 23, 2025, at Los Angeles California.

*Morton Minikes*

**Morton Minikes**

19

Shaham Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

# PROOF OF SERVICE

**COUNTY OF LOS ANGELES** )
                                                       ) **SS**
**STATE OF CALIFORNIA** )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 12100 Wilshire Boulevard, 400, Los Angeles, California 90025.

On July 23, 2025, I served the foregoing document described as **SHAHRAM SHARAFIAN'S RESPONSE AND OPPOSITION TO ORDER TO SHOW CAUSE RE: CONTEMPT – *SPECIAL APPEARANCE*; DECLARATIONS IN SUPPORT THEREOF** on the interested parties in this action by:

___X___    **BY MAIL** - placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Dennis Gewant
DBA Atlas Judgment Recovery
269 Beverly Drive
Suite 102
Beverly Hills, CA 90212
(In Pro Per)

___X___    I deposited such envelope in the mail at Los Angeles, California, with postage thereon fully prepaid

___X___    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed valid is postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*

1    __X____    **BY EMAIL:** atlasjudgmentrecovery@gmail.com

2

3        Executed on a July 23, 2025, at Los Angeles, California

4        I declare under penalty of perjury under the laws of the State of California

5    that the foregoing is true and correct.

6

7                        *Morton Minikes*

8                        **Morton Minikes**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Shahram Sharafian's Response And Opposition To OSC Re: Contempt – *Special Appearance*