Gregg Roberts
43430 E. Florida Ave. #F-293
Hemet CA 92544
Ph: 951-330-4450
Em: gregg@legalsupport-sc.com
*New* Assignee of Record and Judgment Creditor, Pro Se

```
FILED
CLERK, U.S. DISTRICT COURT
07/30/2025
CENTRAL DISTRICT OF CALIFORNIA
BY      GSA      DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| Alchemist Evolution, LLC | Case #2:10-cv-04445-SVW-JDE |
| v. | REPLY IN SUPPORT OF ORDER TO SHOW CAUSE WHY SHAHRAM SHARAFIAN SHOULD NOT BE HELD IN CONTEMPT, WITH POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT |
| Smash, Inc. et al. | |
| | Date/Time: 10:00 AM Thurs., August 14, 2025 |
| | Location: 411 West 4th Street, Courtroom 6A, Santa Ana CA 92701 |
| | Judge: Hon. John D. Early |

### INTRODUCTION/SUMMARY

On July 9, Dennis Gewant ("Gewant"), having turned 84 years old on June 3, and his wife passing away suddenly and unexpectedly from a massive stroke on June 30, Gewant decided that he needed to lighten his workload. Accordingly, he assigned the judgment in this case to fellow judgment enforcer Gregg Roberts ("Roberts"). On July 29, Roberts filed the acknowledgment of assignment and a Notice of Substitution through the pro se electronic filing page, just before filing this Reply in the same manner. Roberts hopes that the papers

will be processed in the order in which they were submitted, so that when the Reply is handled, Roberts will have standing to file it.

All the "undisputed" rhetoric aside, Mr. Sharafian's Response and Opposition ("Response", *DE #159*) does not make even *one* valid point against the requested relief. Moreover, via a series of telephonic and email conferrals with previous assignee Dennis Gewant, which took place several days before the Show Cause Hearing on June 5, Mr. Sharafian's attorney Morton Minikes was informed in detail about the flaws in his arguments against Mr. Gewant's position. Mr. Minikes did not refute any of the criticisms of his client's position before repeating them in the Response.

In this reply, Roberts quotes from the Response and then replies in turn. All references are to the Response unless otherwise stated.

**RESPONSE:**

THE COURT LACKS JURISDICTION TO PROCEED WITH THE OSC AGAINST SHAHRAM BECAUSE HE WAS NOT "PERSONALLY SERVED"... [W]hen the process server showed up at Shahram's residence ... purportedly to serve him with the OSC, he was told by Shahram's adult son, Oliver that Shahram was not there. The processor [*sic*] server then handed Oliver a yellow colored envelope with Shahram Sharafian's name on it and left. Shahram arrived home sometime after 5:30 p.m. That evening he observed the yellow colored envelope with his name on it on the kitchen counter; and when he opened the envelope he discovered it contained a copy of the OSC. *2:3-5 and 3:3-12*.

**REPLY:**

Working as Gewant's legal assistant before taking assignment of the judgment in this case, Roberts instructed the process serving company that employs the process server here, Mr. Chris Dicka, that personal service was required. The company owner, Brian Essah, acknowledged the instruction. *Ex. 1*. In his proof of service, Mr. Dicka swore under penalty of perjury that he handed the Order and the Civil Minutes directly to Shahram. DE #158.

Even assuming the worst – that Mr. Dicka did as Shahram claims he did – Shahram's conclusion that the Court lacks jurisdiction due to lack of personal service is unpersuasive. Shahram concedes that he received actual notice of the Order to Show Cause on the same day that he claims it was left with his son. He does not claim confusion, delay, or any

inability to respond. Courts have held that where a party receives actual notice and is not prejudiced, technical defects in service may not defeat postjudgment enforcement. See *Espinosa v. United Student Aid Funds, Inc.*, 559 U.S. 260, 272 (2010) ("[D]ue process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). See also *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), ("An elementary and fundamental requirement of due process ... is notice reasonably calculated ... to apprise interested parties of the pendency of the action.").

It is well established that a federal court retains jurisdiction to enforce its judgments, including through postjudgment contempt proceedings, against parties who have previously appeared. See *EEOC v. Local 28 of Sheet Metal Workers Int'l Ass'n*, 247 F.3d 333, 336 (2d Cir. 2001);"[A] court's power to enforce its judgment necessarily includes the power to initiate contempt proceedings"). Shahram appeared in the underlying action and was subject to the Court's postjudgment enforcement jurisdiction. His actual receipt of the Order, coupled with his decision not to respond or appear earlier despite not challenging the validity of the personal service that occurred all the way up until the service of the Order, confirms that he was not prejudiced by the manner in which service *allegedly* occurred.

Shahram's testimony is self-serving, while the testimony of Mr. Dicka is not, at least not to the extent of potentially becoming liable for a six-figure judgment. Regardless, Roberts intends for process server Chris Dicka to attend the hearing in order to testify in person. Shahram is welcome to have his son Oliver attend the hearing, and they may both testify in person under oath, at which time this Court can decide who is more credible.

**RESPONSE:**

Exhibit 1, of Judgment Debtor' "MOTION FOR OSC - CONTEMPT" dated April 21, 2025, which was filed on May 7, 2025, and which forms the very basis and foundation for the OSC, on its face shows that it does not have the required attached Exhibit. *6:4-8*.

**REPLY:**

The Subpoena *as served* included the "attached exhibit." *Ex. 2.* In the press of time to get this Reply filed, Roberts has not checked to see whether the exhibit was filed in connection with the Motion for OSC - Contempt. However, the Court did not need to know exactly which documents were requested, in view of the fact that Shahram did not appear at all, with *any* documents. If Shahram had some other objection to producing the requested documents, other than that they don't exist, the proper thing to do would have been to file a motion to quash the subpoena, not just not show up. Moreover, as explained in the Motion for an OSC - contempt, Shahram told Gewant by telephone the day before the examination date that he was "in rehab" for a heart problem and would not be appearing. Nothing was said to the effect that the requested documents did not exist. Any *possible* objections to the subpoena with its attachment was not a question before the Court, because no such motion was filed.

**RESPONSE:**

> "[T]he Judgment Debtor at least since 2012 has been a defunct, non-operating
> company whose corporate status has been suspended by the California Franchise Tax
> Board." *6:22-24.*

**REPLY:**

It is common knowledge in the judgment enforcement business that many companies continue operating despite being suspended by the FTB or the SOS. Some companies in financial trouble create a new entity, operating out of the same location, serving the same customers, and using the same suppliers, with the same principals. This is what the subpoena with its attachment was getting at. Any form of Smash being out of business and having discarded Smash-specific records, does not mean that there are no records pertaining to People Trend or other companies operated by Shahram, where some valid theory of collection might be brought to bear.

Beyond that general principle, Gewant obtained evidence that Smash, Inc. / Smash Men, Inc. continued in operation through at least the year 2020, or that it had a unity of interest with another entity, or that that other entity was a successor-in-interest to the

judgment debtor. In an attempt to investigate whether there might be an alter ego or successor to Smash, Inc. / Smash Men, Inc., Gewant set up an in-person meeting with Shahram at the business location at 4801 Staunton, Los Angeles. To set up the meeting, Gewant gave Shahram the pretext that Gewant was in the clothing business and was interested in possibly making a large purchase. Gewant was told to send any payments to an account in the name of People Trend, Inc. Nothing was said about Smash being out of business. *Declaration of Dennis Gewant.*

**RESPONSE:**

"[T]he Dkt in this case does not show, reveal or indicate how Smash Men's Inc. was substituted in place of the original Defendant, Smash Inc." 7:26-27.

**REPLY:**

On the first and last pages of the Answer filed in this case, defense counsel named both Smash Men's Inc. and "Elite") as the party/ies on whose behalf the answer was being filed. *DE #7.* Not only that, but the Tenth Affirmative Defense in the Answer was "Plaintiffs claims are barred by the judgment entered in Case No. CV09-1132." The two judgment debtors in that case were "SMASH, INC. and PLANET FUNK, INC." *Ex 3, p. 2.*

Thus, the interchangeability of Smash, Inc. and Smash Men's Inc., at least for the purpose of enforcing the judgment, was established *by the defendant/debtor's own filings in this Court.*

A misnamed defendant who has participated in the litigation is bound by the judgment. See *Mayberry v. Coca Cola Bottling Co.* (1966) 244 Cal.App.2d 350. In *Mayberry* the court discussed circumstances under which a misnamed party could be corrected, focusing on whether the amendment would substantially change the party or the cause of action. Additionally, *Stephens v. Berry* (1967) 249 Cal.App.2d 474, 479, addressed the issue of correcting a misnomer when an incorrect party had been involved from the beginning. Unlike in *Stephens*, in this case Smash Inc. / Smash Men's, Inc. did nothing to challenge the naming of the defendant. When the correct party has been served and has filed an Answer and the case proceeds to judgment, the typical route for correcting a clerical error in the

name of the judgment debtor is an affidavit of identity, which requires no notice to, or approval by, the judgment debtor.

In short, Shahram's misnomer argument is meritless.

**RESPONSE:**

"[A]n assignee "stands in the shoes" of the assignor, taking its rights and remedies and subject to any defenses the obligor has against the assignor that existed prior to the assignment." *10:8-10*.

"[T]the subject Assignment of the Judgment was a nullity because at the time of the Assignment Alchemist's corporate status had not only been "Canceled" it also had bee and [*sic*] "Terminated," which carried with it the burden of prohibiting Atlas in having the ability to make a valid assignment of the Judgment because all of its 'its powers, rights, and privileges" had also been cancelled effective as of February 14, 2014." *10:17-22*.

**REPLY:**

Under both California and federal law, a terminated (or dissolved) corporation can assign a judgment as part of winding up its affairs, including distributing its assets, so long as the person executing the assignment has authority to do so. Under California Corporations Code § 1903(b), "A corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs... including prosecuting and defending actions by or against it... and disposing of and conveying its property." This provision expressly allows a dissolved (or even "terminated") corporation to assign a judgment, transfer or sell claims, and distribute assets to shareholders or others.

The California Supreme Court has since made clear that "California no longer follows the common law rules with respect to . . . the dissolution of a corporation." *Penasquitos, Inc. v. Superior Court*, 53 Cal. 3d 1180, 283 Cal. Rptr. 135, 812 P.2d 154, 156 (Cal. 1991). Indeed, under the statutory scheme that replaced the common law rule in California, "a corporation's dissolution is best understood not as its death, but merely as its retirement from active business." *Id. at 160*.

Shahram's position is an absurdity, because if he were right that even the defense of lack of standing by the assignee were available to the judgment debtor, there would be no

purpose in anyone taking assignments from companies that are winding up their affairs. Word would have gotten around by now that such assignments are unenforceable. But that is not what the law says.

**RESPONSE:**

"THE PRINCIPLE OF LACHES SHOULD APPLY AS A BAR TO ATLAS SEEKING TO HAVE SHAHRAM RESPOND TO ANY SUBPOENA TO PRODUCE RECORDS... " *10:24-26*.

[The Response lists some of the key events in the postjudgment litigation. *Pp. 11-12.*]

**REPLY:**

Shahram's attempt to invoke laches as a defense to postjudgment enforcement fails both legally and equitably. As a threshold matter, the judgment at issue remains enforceable under the applicable statutory period. Under California law, a money judgment is enforceable for at least ten years (Cal. Code Civ. Proc. § 683.020), and may be renewed for successive ten-year periods. The assignee of record is enforcing the judgment well within this (rolling) window. Courts should be generally reluctant to apply laches to bar enforcement of a judgment that remains valid under statute, particularly where the delay in enforcement results from a lawful assignment process rather than any affirmative misconduct.

Shahram claims prejudice in the form of lost documents that he was ordered to produce. But this claim rings hollow. If Shahram no longer possessed those documents, the appropriate course of action was for him to appear at the debtor examination and explain the circumstances to the Court. His failure to appear deprived the Court of the opportunity to assess, face to face, the credibility of his assertions; any resulting consequences are of his own making. Simply ignoring a lawful court order and waiting to raise excuses until contempt proceedings are initiated is not a valid basis for invoking equity.

The long gap in apparent judgment enforcement actions is easily explained. Gewant's investigators were unable to find a bank account in the name of Smash, Inc., or Smash Men's, Inc. The business location required visitors to be "buzzed in," as the business is not a retail business. Accordingly, sending a US Marshal to execute a keeper or till tap would have been futile. It is often difficult to accomplish personal service of orders to appear for debtor

examination, and even when they are served personally, debtors often fail to appear. When they appear, they often fail to bring the requested documents. The process in this case stalled at the second step. To meet his financial needs Gewant was forced to keep most of his attention on "lower-hanging fruit."

Even if several years elapsed between the judgment's assignment and enforcement, such delay alone does not establish the "unreasonable delay and resulting prejudice" required to support a laches defense. Shahram has shown neither. If anything, Gewant's delay has prejudiced *himself* (and now Roberts) through the loss of documents, if such loss actually occurred.

Laches is an equitable doctrine and requires clean hands. A judgment debtor who has flouted discovery obligations and defied court orders cannot invoke equity to shield himself from the consequences of his own obstruction. Enforcement of a valid judgment within the statutory period is a legal right, and the debtor's laches theory should be rejected.

## CONCLUSION

Shahram should be found in contempt, ordered to gather existing responsive records in fulsome detail, and appear for examination with those records at a new date to be set by the Court. Roberts leaves to the Court the question of appropriate sanctions, with the understanding that a monetary sanction against Smash, Inc. / Smash Men's, Inc. would probably be unenforceable until such time as Roberts is able to prove alter ego, successor liability, or voidable transaction.

I hereby declare under penalty of perjury that all exhibits to this Reply are true and correct copies of the documents they purport to be.

Respectfully submitted this 29th day of July, 2025.

_Gregg Roberts_

Gregg Roberts
Assignee of Record / Judgment Creditor

RE: Smash: Documents for Personal Service  mailbox:///C:/Users/Gregg%20Roberts/AppData/Roaming/Thun...

Case 2:10-cv-04445-SVW-JDE  Document 164  Filed 07/30/25  Page 9 of 27  Page ID
#:1584

**Subject:** RE: Smash: Documents for Personal Service
**From:** <sb@sbaylegal.com>
**Date:** 6/18/2025, 10:40 AM
**To:** "'Gregg Roberts'" <gregg@legalsupport-sc.com>
**CC:** "'Dennis Gewant'" <atlasjudgmentrecovery@gmail.com>


Received, will proceed as instructed. Thank you!

Brian Jackson Essah
**SOUTH BAY ATTORNEY SERVICE**
1512 W. Manchester Avenue
Los Angeles, California 90047
Tel:(310)355-8300
eFax:(213)608-0120
**www.sbaylegal.com**

---

**From:** Gregg Roberts <gregg@legalsupport-sc.com>
**Sent:** Tuesday, June 17, 2025 12:00 PM
**To:** Brian Essah South Bay <sb@sbaylegal.com>
**Cc:** Dennis Gewant <atlasjudgmentrecovery@gmail.com>
**Subject:** Re: Smash: Documents for Personal Service


Hi Brian,

Just to be clear, please have your process server try three times to serve Shahram at his home at 1061 Laurel Way, Beverly Hills, 90210 before trying to serve him at the business location below.

Also, please acknowledge receipt.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-330-4450

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-330-4450 or reply by e-mail and delete or discard the message.


On 6/17/2025 9:32 AM, Gregg Roberts wrote:

 Hi Brian,

 Could you please have Chris serve the attached documents PERSONALLY (as usual) on
 Shahram Sharafian?

## Exhibit 1, Page 1 of 2

RE: Smash: Documents for Personal Service      mailbox:///C:/Users/Gregg%20Roberts/AppData/Roaming/Thun...

Case 2:10-cv-04445-SVW-JDE     Document 164     Filed 07/30/25     Page 10 of 27     Page ID #:1585

Since the debtor is on the lookout and doesn't want to be served again, we understand that a stakeout might be required again.

You might have better luck serving him at the business address 4801 Staunton in downtown LA, catching him there when he arrives or leaves work for the day.



The door has a buzzer release, so if you want him to open the door you will need a convincing pretext.

(The wife Ronit Sharafian does not need to be served.)

--
Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-330-4450

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-330-4450 or reply by e-mail and delete or discard the message.

**Exhibit 1, Page 2 of 2**

RE: Sharafian packets for personal service     mailbox:///C:/Users/Gregg%20Roberts/AppData/Roaming/Thun...

Case 2:10-cv-04445-SVW-JDE   Document 164   Filed 07/30/25   Page 11 of 27   Page ID #:1586

**Subject:** RE: Sharafian packets for personal service
**From:** <sb@sbaylegal.com>
**Date:** 1/9/2024, 10:22 AM
**To:** "'Gregg Roberts'" <gregg@legalsupport-sc.com>, "'dennis gewant'" <atlasjudgmentrecovery@gmail.com>

**Gentlemen,**

Per our telephonic conversation just now, please find attached the documents we will be serving:

- Notice to Consumer + Subpoena + Attachment - Ronit Sharafian
- Notice to Consumer + Order to Appear + Subpoena + Attachment - SMASH MEN'S INC c/o Agent, Shahram Sharafian
- Notice to Consumer + Order to Appear + Subpoena + Attachment - Parmak Development (to be served upon Shahram Sharafian)

| | |
|---|---|
| Service Notice to Consumer<br>**SMASH MEN'S INC**<br>Agent: Shahram Sharafian<br>1061 Laurel Way<br>Beverly Hills 90210 | Service Notice to Consumer<br>**Ronit Sharafian**<br>1061 Laurel Way<br>Beverly Hills 90210 |
| Service Notice to Consumer<br>**Shahram Sharafian**<br>FOR: **Parmak Development**<br>1061 Laurel Way<br>Beverly Hills 90210 | |

Once we complete these services, hopefully today, we will wait 5 days then complete service of the Subpoenas + Notices to Consumer with completed 2nd pages Proofs of Service.

We will keep you posted.

Thanks!

Brian Jackson Essah
**SOUTH BAY ATTORNEY SERVICE**
1512 W. Manchester Avenue
Los Angeles, California 90047
Tel:(310)355-8300
eFax:(213)608-0120
www.sbaylegal.com

---

**From:** Gregg Roberts <gregg@legalsupport-sc.com>
**Sent:** Sunday, January 07, 2024 5:19 PM
**To:** dennis gewant <atlasjudgmentrecovery@gmail.com>

**Exhibit 2, Page 1 of 15**

RE: Sharafian packets for personal service        mailbox:///C:/Users/Gregg%20Roberts/AppData/Roaming/Thun...

Case 2:10-cv-04445-SVW-JDE     Document 164     Filed 07/30/25     Page 12 of 27     Page ID #:1587

**Cc:** sb@sbaylegal.com
**Subject:** Sharafian packets for personal service

**Dennis,**

Thank you.

I edited the NTC for Shahram to create one for Ronit, so Ronit also gets an NTC pursuant to HER subpoena.

----------------------

**Brian,**

See attached packets for personal service on Shahram Sharafian and his wife Ronit. Dennis has directed that, if Shahram is there but Ronit isn't, or Shahram claims she isn't), just go ahead and serve Ronit *as sub-served* through Shahram.

If Shahram isn't there, you can serve Ronit's packet on her, but do NOT sub-serve Shahram's packet on her. You'll have to serve Sharam his packet personally **by January 30** or the ORAP will be taken off-calendar. (New rule starting 1/1/2024, 30 days' notice for ORAPs instead of 10.)

We will need you to wait five days after service of these packets then serve the subpoenas and their attachments only -- also personally if possible. If that doesn't get done with a few attempts within five days after the fifth day, serve those SECOND packets by mail -- both first class and certified.

**Right, Dennis?**

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-330-4450

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution of copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 951-330-4450 or reply by e-mail and delete or discard this message.

Attachments:

| | |
|---|---|
| sbay_3919.pdf | 1.2 MB |
| sbay_3920.pdf | 1.4 MB |
| sbay_3921.pdf | 1.2 MB |

**Exhibit 2, Page 2 of 15**

sbay_3920

SUBP-025

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Dennis Gewant d/b/a Atlas Judgment Recovery<br>269 S. Beverly Drive, Suite 102<br>Beverly Hills CA 90212<br><br>TELEPHONE NO.: (310) 276-4900          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): atlasjudgmentrecovery@gmail.com<br>ATTORNEY FOR (Name): Assignee of Record, Pro Se | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  UNITED STATES DISTRICT COURT
STREET ADDRESS: 411 W. 4th St
MAILING ADDRESS: 411 W. 4th St
CITY AND ZIP CODE: Santa Ana CA 92701
BRANCH NAME: Santa Ana Division

| | |
|---|---|
| PLAINTIFF/ PETITIONER:  ALCHEMIST EVOLUTION, LLC<br>DEFENDANT/ RESPONDENT:  SMASH, INC. et al. | CASE NUMBER:<br>2:10-cv-04445-SVW-JDE |

| |
|---|
| NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION<br>(Code Civ. Proc., §§ 1985.3,1985.6) |

NOTICE TO CONSUMER OR EMPLOYEE

TO (name): Shahram Sharafian

1.   PLEASE TAKE NOTICE THAT **REQUESTING PARTY** (name): Dennis Gewant d/b/a Atlas Judgment Recovery
     SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on (specify date): February 29, 2024
     The records are described in the subpoena directed to witness (specify name and address of person or entity from whom records are sought): Ronit Sharafian
     A copy of the subpoena is attached.

2.  IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED. IN ITEM a. OR b. BELOW:
    a.   If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify the subpoena and give notice of that motion to the **witness** and the **deposition officer** named in the subpoena at least five days before the date set for production of the records.
    b.   If you are not a party to this action, you must serve on the **requesting party** and on the **witness,** before the date set for production of the records, a written objection that states the specific grounds on which production of such records should be prohibited. You may use the form below to object and state the grounds for your objection. You must complete the Proof of Service on the reverse side indicating whether you personally served or mailed the objection. The objection should not be filed with the court. **WARNING: IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.**

3.   YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: December 26, 2023

Dennis Gewant
_____
          (TYPE OR PRINT NAME)

► _____
   (SIGNATURE OF  [X] REQUESTING PARTY   [ ] ATTORNEY)

| |
|---|
| OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS |

1.   [ ]  I object to the production of all of my records specified in the subpoena.

2.   [ ]  I object only to the production of the following specified records:

3.   The specific grounds for my objection are as follows:

Date:

_____
          (TYPE OR PRINT NAME)

► _____
          (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-025 [Rev. January 1, 2008]

(Proof of service on reverse)

**NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION**

Page 1 of 2

Code of Civil Procedure,
§§ 1985.3, 1985.6,
2020.010–2020.510
www.courts.ca.gov

Exhibit 2, Page 3 of 15

**sbay_3920**

**SUBP-025**

| | |
|---|---|
| PLAINTIFF/ PETITIONER:  ALCHEMIST EVOLUTION, LLC<br>DEFENDANT/ RESPONDENT:  SMASH, INC. et al. | CASE NUMBER:<br>2:10-cv-04445-SVW-JDE |

### PROOF OF SERVICE OF NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION
(Code Civ. Proc., §§ 1985.3,1985.6)

☐ **Personal Service**    ☐ **Mail**

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the *Notice to Consumer or Employee and Objection* as follows *(check either a or b)*:
   - a. ☐ **Personal service.** I personally delivered the *Notice to Consumer or Employee and Objection* as follows:
     - (1)  Name of person served:              (3)  Date served:
     - (2)  Address where served:              (4)  Time served:

   - b. ☐ **Mail.** I deposited the *Notice to Consumer or Employee and Objection* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
     - (1)  Name of person served:              (3)  Date of mailing:
     - (2)  Address:                      (4)  Place of mailing *(city and state)*:

     - (5)  I am a resident of or employed in the county where the *Notice to Consumer or Employee and Objection* was mailed.
   - c.  My residence or business address is *(specify)*:
   - d.  My phone number is *(specify)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF PERSON WHO SERVED)

▶ _____
(SIGNATURE OF PERSON WHO SERVED)

### PROOF OF SERVICE OF OBJECTION TO PRODUCTION OF RECORDS
(Code Civ. Proc., §§ 1985.3,1985.6)

☐ **Personal Service**    ☐ **Mail**

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the *Objection to Production of Records* as follows *(complete either a or b)*:
   - a.  ON THE REQUESTING PARTY
     - (1) ☐ **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
       - (i)  Name of person served:            (iii)  Date served:
       - (ii)  Address where served:            (iv)  Time served:

     - (2) ☐ **Mail.** I deposited the *Objection to Production of Records in* the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
       - (i)  Name of person served:            (iii)  Date of mailing:
       - (ii)  Address:                    (iv)  Place of mailing *(city and state)*:

       - (v)  I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
   - b.  ON THE WITNESS
     - (1) ☐ **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
       - (i)  Name of person served:            (iii)  Date served:
       - (ii)  Address where served:            (iv)  Time served:

     - (2) ☐ **Mail.** I deposited the *Objection to Production of Records in* the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
       - (i)  Name of person served:            (iii)  Date of mailing:
       - (ii)  Address:                    (iv)  Place of mailing *(city and state)*:

       - (v)  I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
3. My residence or business address is *(specify)*:
4. My phone number is *(specify)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF PERSON WHO SERVED)

▶ _____
(SIGNATURE OF PERSON WHO SERVED)

**Exhibit 2, Page 4 of 15**

sbay_3920

Case 2:10-cv-04445-SVW-JDE    Document 142    Filed 12/14/23    Page 1 of 1    Page ID #:1453

**Dennis Gewant d/b/a Atlas Judgment Recovery**
**269 S. Beverly Drive, Suite 102**
**Beverly Hills, California 90212**
**Telephone: (310) 276-4900**
**Email: atlasjudgmentrecovery@gmail.com**
**Purported Judgment Creditor Assignee, Pro Se**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCHEMIST EVOLUTION, LLC,<br><br>Plaintiff(s)<br><br>v.<br><br>SMASH, INC., et al.,<br><br>Defendant(s) | CASE NUMBER<br><br>2:10-cv-04445-SVW-JDE<br><br>ORDER TO APPEAR FOR EXAMINATION OF JUDGMENT DEBTOR RE: ENFORCEMENT OF JUDGMENT |

The Court, having considered the Application for Appearance and Examination Re: Enforcement of Judgment, hereby **ORDERS** the Application is **GRANTED.**

TO:   Smash Men's, Inc.

*(Name of Person Ordered to Appear)*

**YOU ARE ORDERED TO APPEAR** personally before the Honorable Magistrate Judge John D. Early, to furnish information to aid in enforcement of a money judgment against you.

Date of appearance: February 29, 2024 Courtroom: 6A Time: 10:00 a.m.
Location of Appearance :      United States Courthouse, 411 W. Fourth Street, Santa Ana, CA

This Order may be served by a Marshal, sheriff, or registered process server. Dennis Gewant is ordered to file, by February 19, 2023, a proper proof of service reflecting proper service of this Order on the judgment debtor in a manner that complies with the law. If no such compliant proof of service is filed by that time, the examination will automatically be taken off calendar. The Court makes no finding as to whether Dennis Gewant is the assignee of the judgment creditor.

**APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)**
**NOTICE TO JUDGMENT DEBTOR:  If an appropriate representative fails to appear at the time and place specified in this order, you may be subject to contempt of court and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

## APPEARANCE OF A CORPORATION, PARTNERSHIP,
## ASSOCIATION, TRUST, OR OTHER ORGANIZATION

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.

Date:   December 14, 2023

JOHN D. EARLY
United States Magistrate Judge

**Exhibit 2, Page 5 of 15**

**sbay_3920**

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| ALCHEMIST EVOLUTION, LLC <br> *Plaintiff* <br> v. <br> SMASH, INC. et al. <br> *Defendant* | ) ) ) ) ) |

Civil Action No.   2:10-cv-04445-SVW-JDE

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Shahram Sharafian

_____
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States Courthouse, 411 W. Fourth Street, Santa Ana, CA | Courtroom No.: 6A |
|---|---|
| | Date and Time: 02/29/2024 10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:  **See attached.**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/26/23

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _Erin C. Ison_ <br> Signature of Clerk or Deputy Clerk | | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Dennis Gewant d/b/a Atlas Judgment Recovery_____, who issues or requests this subpoena, are:

Dennis Gewant, 269 S. Beverly Drive, Suite 102, Beverly Hills, California 90212, atlasjudgmentrecovery@gmail.com, (310) 276-4900

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit 2, Page 6 of 15

**sbay_3920**

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:10-cv-04445-SVW-JDE

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

**Exhibit 2, Page 7 of 15**

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit 2, Page 8 of 15

Dennis Gewant d/b/a Atlas Judgment Recovery
269 S. Beverly Drive, Suite 102
Beverly Hills CA 90212
(310) 276-4900

Assignee of Record Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCHEMIST EVOLUTION, LLC, | Case # 2:10-cv-04445-SVW-JDE |
| Plaintiff(s), | |
| v. | ATTACHMENT TO |
| SMASH, INC., *et al.* | FORM AO 88 |
| Defendant(s)/Judgment Debtor(s) | |

TO SHAHRAM SHARAFIAN:

**WARNING: The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.**

**GOOD CAUSE AND MATERIALITY**

The judgment remains unsatisfied. The documents requested pertain to the judgment debtor's income, assets, and expenditures. Judgment creditor has good cause to demand the production of documents pertaining to the income, assets and expenditures of the debtor or any of its successors that might lead to satisfaction of the judgment.

ATTACHMENT TO SUBPOENA TO PRODUCE DOCUMENTS

Page 1 of 7

**Exhibit 2, Page 9 of 15**

The requested documents described are material to the issues involved in this case as they are reasonably calculated to lead to the discovery of income and assets that may be used to satisfy the judgment:

> [R]elevant inquiry included "names and addresses of . . . partners, co-shareholders, co-officers and co-directors, . . . which could reveal the existence and location of assets" owned by the judgment debtor... While the relevance of some of the questions may seem remote, the purpose of a judgment debtor examination is **to leave no stone unturned in the search for assets** which might be used to satisfy the judgment. Because the questions were aimed at eliciting relevant evidence, the trial court properly directed Troy to answer them. (*Martin-Trigona v. Gouletas*, *supra*, 634 F.2d at p. 357.)

*Troy v. Superior Court* (1986), 186 Cal.App.3d 1006

https://casetext.com/case/troy-v-superior-court

> Here we conclude, among other things, that the scope of questions asked by a judgment creditor in a third party judgment debtor examination may include the location of assets no longer in the possession of the third party. (Code Civ. Proc. §§ 708.120, 708.130, 187.)

*Yolanda's, Inc. v. Kahl & Goveia Commercial Real Estate* (2017), 11 Cal. App. 5th 509

https://casetext.com/case/yolandas-inc-v-kahl-goveia-commercial-real-estate

> A judgment creditor may conduct discovery directly against the judgment debtor by means of a judgment debtor examination (§ 708.110), written interrogatories (§ 708.020), and requests for production of documents (§ 708.030). Section 708.030, subdivision (a) provides: "The judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made in the manner provided in [the Civil Discovery Act], if the demand requests information to aid in enforcement of the money judgment. The judgment debtor shall respond and comply with the demand in the manner and within the time provided by [the Civil Discovery Act]."
> Because the corporate privacy right is not constitutionally protected, the issue presented in determining whether Western's requests for production infringe that right is resolved by a balancing test. The discovery's relevance to the subject matter of the pending dispute and whether the discovery " 'appears reasonably calculated to lead to the discovery of admissible evidence' " is balanced against the corporate right of privacy. (*Hecht, Solberg, Robinson, Goldberg & Bagley LLP v. Superior Court* (2006) 137

Cal.App.4th 579, 595, 40 Cal.Rptr.3d 446.) Doubts about relevance generally are resolved in favor of permitting discovery. (Ibid.)

*SCC Acquisitions, Inc. v. Superior Court (Western Albuquerque Land Holdings, LLC)*, 243 Cal.App.4th, 2015

https://casetext.com/case/scc-acquisitions-inc-v-superior-court-of-orange-cnty

SHAHRAM SHARAFIAN has in his possession or control the desired items listed below. **For the purposes of this entire Notice, SHAHRAM SHARAFIAN is deemed to have control over such items even if they are not currently in his possession. All documents responsive to this request that have been discarded, or that were never obtained, that SHAHRAM SHARAFIAN has the right to obtain, must be obtained by SHAHRAM SHARAFIAN at his expense, and produced.**

**With respect to all documents below, SHAHRAM SHARAFIAN is directed to bring one set of originals and one set of copies to be left with Assignee Gewant, so that Gewant can compare the copies to the originals to ensure the fidelity of the copies.**

1.  All documents which evidence, memorialize, or tend to reflect in any way on any transfers of money or any other asset between, on the one hand, any of the following entities: Smash, Inc.; Smash Men's, Inc.; People Trend, Inc. ("the known Sharafian companies"); and on the other hand, any of those same entities or any other entity, from January 1, 2019 to the date of production, which is defined here as **the day that the above-referenced judgment debtor examination actually begins**. This request includes but is not limited to financial institution statements, investment house statements, canceled checks, check registers, pay stubs, invoices, receipts, financial book notations in any format including handwritten, W-2 forms, W-9 forms, 1099 forms, and state and/or federal tax returns. This request includes but is not limited to

investment monies received, profit distributions paid out, wage and independent contractor payments, and records of other income and expenses, whether or not made in the ordinary course of business.

2. A complete list of every current or former officer or shareholder of any of the known Sharafian companies, including full name, last known home and business address, last known home, business, and cell phone number, email address, social media account names, and websites owned or operated by any current or former officer or shareholder.

3. All documents which evidence, memorialize, or tend to reflect in any way on any and all agreements or contracts, whether written, oral or implied, entered into between any of the known Sharafian companies and any other entity (whether a business entity, natural person, or government agency), from its inception date to the date of production.

4. All documents which evidence, memorialize, or tend to reflect in any way on any amendments to the agreements or contracts described in the previous request.

5. A complete and accurate list of the complete addresses of any and all real property in which any of the known Sharafian companies holds any interest whatsoever.

6. A complete, accurate, and detailed list – including description, value, and location – of any and all items of business personal property of any kind or description, tangible or intangible, in which any of the known Sharafian companies hold any interest whatsoever, except for items with an individual fair market value of less than $100 that are not collector's items and have a collective fair market value within a category that is less than $500. For any such excepted items that are part of a collection but are not collector's items, the list shall include a description and fair market

**sbay_3920**

value of the entire *category*; for example, "Office supplies, $100." But for each piece of office equipment with a fair market value of $100 or more, specify each item and its fair market value.

7. A complete, accurate, and detailed list – including description, value, and location – of any and all debts and assets (other than money) transferred by any of the known Sharafian companies to any other entity or natural person from the inception date to the date of production. If any assets were transferred in exchange for another asset, the list must include a description of the asset, its value, and its location as of the date of production. "Assets" as used here includes both tangibles, such as trucks, and intangibles, such as contracts for the delivery of fuel.

NOTE: There does not have to be a document that evidences the transfer of a debt or asset for it to be listed here. If any of the known Sharafian companies bought an asset that is now being used by, or is in the possession of, another entity, you must include the asset on this list, even if no money or other asset was given in exchange for the asset that was transferred. But, if anything of value WAS given in exchange for the asset that was transferred, you must describe what was so given for the asset.

8. Any and all documents that reflect ANY Employer Identification Number(s) (EIN(s) or Taxpayer Identification Number(s) of any of the known Sharafian companies assigned by any taxing authority or government entity.

9. All emails, text messages, voicemails, other voice recordings, meeting agendas, meeting minutes, or any other documents that reflect, indicate, describe, or evidence in any way, any plan, intention, or act already performed to wind down any of the known Sharafian companies, to

transfer its assets to another entity, to escape liability for the debts of Smash, Inc. or Smash Men's, Inc., and/or create one or more successor entities to either or both of those entities.

10. A complete and accurate list of the names and contact information of all attorneys, certified public accountants, bookkeepers, and any other legal and/or financial consultants with whom any of the known Sharafian companies have consulted, with or without consideration or compensation, from the inception date to the date of production.

11. The names, addresses, phone numbers, and approximate sales volume of your top ten customers in 2023.

12. Any documents prepared in response to this Notice by anyone other than SHAHRAM SHARAFIAN for the purpose of compliance with this notice, must be accompanied by a Declaration of Custodian of Records that complies with the requirements of California Evidence Code §1561, as follows:

### DECLARATION OF CUSTODIAN OF RECORDS
(California Evidence Code Section 1561)

I, the undersigned, declare:

1. I am duly authorized custodian of records of _____ and have the authority to certify the records.

2. The copies attached hereto are true copies of records on file with the _____ _____ described in the notice.

3. The records were prepared by the personnel of _____ in the ordinary course of business at or near the time of the act, condition, or event.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on _____ , in _____ , _____ .
　　　　　　　　*(date)*　　　　　　　*(city)*　　　　　　*(state)*

---

ATTACHMENT TO SUBPOENA TO PRODUCE DOCUMENTS

1

2

3    Initial Date of Production: **February 29, 2024**

4
5    **Note: The above date shall initially be the same as the date scheduled for the judgment debtor**

6    **examination, but it shall automatically be extended to any date(s) to which the examination is**

7    **continued. That is to say, any responsive documents created or acquired after the initial Date of**

8    **Production but before any continued date of the examination, shall be brought to the**

9    **continuation of the examination -- one original set and one copy, just as for all the other**

     **documents.**

10

11   Dated: _Dec 22, 2023_

12

13

14   _____
     Dennis Gewant d/b/a Atlas Judgment Recovery
     Assignee of Record Pro Se

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT TO SUBPOENA TO PRODUCE DOCUMENTS

Page 7 of 7

**Exhibit 2, Page 15 of 15**

Stephen M. Doniger, Esq. (SBN 179314)
David Shein, Esq. (SBN 230870)
**DONIGER / BURROUGHS, APC**
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538
Electronic: stephen@donigerlawfirm.com
Attorneys for Plaintiff

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCHEMIST EVOLUTION, LLC, a California Limited Liability Company doing business as "J. STEGER", <br><br> Plaintiff, <br><br> vs. <br><br> SMASH, INC., a California Corporation; PLANET FUNK, INC., a California Corporation; and DOES 1-10, inclusive, <br><br><br> Defendants. | Case No.: CV09-1132 SVW (SSx) <br> *Hon. Stephen V. Wilson Presiding* <br><br> **JUDGMENT** |

   The Court, after reviewing the Fed.R.Civ.P. 68 Offer of Judgment made by Defendants (Docket No. 16) and the Joint Notice of Acceptance (Docket No. 17), enters Judgment in the above-referenced matter as follows:

   1) Defendants SMASH, INC. and PLANET FUNK, INC. shall be enjoined from any further use of Plaintiff's "Imperator" design (a true and correct

**Exhibit 3, Page 1 of 2**

copy of which is attached hereto as Exhibit "1") and "Opus Dei" design

(a true and correct copy of which is attached hereto as Exhibit "2"), and

2) Judgment in the amount of $12,000.00 shall be entered against

Defendants SMASH, INC. and PLANET FUNK, INC. jointly and

severally in favor of Plaintiff.

3) Each party is to otherwise bear its own costs and fees.


IT IS SO ORDERED.


Dated:  September 30, 2009        By: _____

                                   HON. STEPHEN V. WILSON

                                   UNITED STATES DISTRICT COURT JUDGE

**Exhibit 3, Page 2 of 2**